THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v. WILLIAM O'NEILL, Defendant.
THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v. WILLIAM O'NEILL, Defendant.*

Supreme Court, Special Term, Steuben County, March 17, 1945.

*Vedo M. Candiello* for defendant.

*Harry K. Morton, District Attorney,* for plaintiff.

* See *People* v. *Cooper,* 207 Misc. 845.

CRIBB, J. The Grand Jury has returned an indictment against the defendant in both of the above-entitled cases. Each charges him with the crime of carnal abuse in violation of section 483-a of the Penal Law. Both indictments charge him with carnal abuse of a child " of the age of ten years ". It is conceded that at the time of the alleged acts the child named in one of the indictments was ten years and ten months old, and the child named in the other indictment was ten years and five months old. It is the contention of the defendant that due to the ages of the children involved the Grand Jury was without jurisdiction.

Section 483-a of the Penal Law reads as follows: " Any person of the age of eighteen years or over who carnally abuses the body, or indulges in any indecent or immoral practices with the sexual parts or organs of a child of the age of ten years or under, shall be guilty of a felony, punishable, on conviction thereof, by imprisonment for not more than ten years ".

Section 483-b of the Penal Law, so far as here pertinent, reads: " Any person who carnally abuses the body of a child of the age of ten years and over and less than sixteen years of age, or who indulges in any indecent or immoral practice " etc.

Inasmuch as the girl named in each indictment was of the age of ten years and over no indictment could be properly returned charging a violation of section 483-a. The words " ten years or under " as used in section 483-a exclude children who have passed their tenth birthday. (See *Gibson* v. *People,* 44 Col. 600.)

The Legislature by the use of the words " ten years or under " in section 483-a, and " ten years and over " in section 483-b has clearly indicated the classification to be observed with reference to children who have been subjected to carnal abuse. Words in penal statutes are to be given their commonly accepted meaning and may not be extended to cases not clearly within their terms. Generally such statutes are strictly construed against the party seeking their enforcement and in favor of the person being proceeded against. (McKinney's Cons. Laws of N. Y., Book 11, Statutes, § 271.) Criminal statutes must be strictly construed. (*People* v. *Picone,* 43 N. Y. S. 2d 4.)

Considering the age of the children involved in these cases the defendant could be charged only with violation of section 483-b which constitutes a misdemeanor. The alleged acts having been committed in the city of Hornell, N. Y., were exclusively within the jurisdiction of the City Court of that city (Hornell City Ct. Act, § 53, L. 1932, ch. 434). The fact that the defendant was arrested on a warrant from that court, waived examination and was held for the Grand Jury, did not give the latter juris-

diction of the matter nor did it deprive the defendant of his right to raise a jurisdictional question at this time.

The District Attorney in behalf of the People argues that the defendant having plead " not guilty " to the indictments upon his arraignment and having failed to demur thereto, waived all rights to attack the indictments for any cause whatsoever, and therefore is precluded from attacking them at this time. He cites sections 321, 322 and 323 of the Criminal Code to sustain his contention. Section 331 of the Code of Criminal Procedure provides: " The objections mentioned in section three hundred and twenty-three can only be taken by demurrer; except that the objection to the jurisdiction of the court over the subject of the indictment or that the facts stated do not constitute a crime, may be taken at the trial, under the plea of not guilty, and in arrest of judgment." Therefore, defendant did not waive his right to object to the jurisdiction of the Grand Jury, although he plead " not guilty " on arraignment. Such question may be raised at any stage of the proceeding. (*People* v. *Winner*, 80 Hun 130.)

I there find, under the admitted facts as to the respective ages of the children concerned, that the Grand Jury was without jurisdiction and that both indictments against the defendant should be dismissed because the facts therein alleged do not constitute a violation of section 483-a of the Penal Law. It follows that upon dismissal of the indictments the defendant should be discharged and his bail cancelled.

Let order be entered accordingly.