Charles T. Major, J.
The claimant made a motion returnable on November 10, 1959, for an order changing the venue and transferring the trial to the New York District. The State of New York made a cross motion returnable on December 14, 1959, for an order pursuant to rule 107 of the Rules of Civil Practice dismissing the claim herein on the ground that the court has no jurisdiction of the subject of the action and that the claim does not state facts sufficient to constitute a cause of action, pursuant to rule 106 of the Rules of Civil Practice. Both motions were adjourned to and argued together on December 17,1959.
This claim is to recover damages for the wrongful imprisonment and detention of claimant in the jails and prisons of the City of New York and State of New York, as a result of the wrongful and improper acts of the State, its officers, employees and agents having jurisdiction thereof. From the allegations jp the claim, it appears that claimant was arrested in Queens *535 County and charged with the crime of carnal abuse of a child, as a felony. Subsequently, the Grand Jury indicted and charged claimant with five separate counts. On October 30, 1953, claimant withdrew his previous plea of “ not guilty ” and entered a plea of guilty to the third count of assault in the second degree set forth in the indictment to have been committed as follows: “ the defendant aforenamed on or about August 20, 1953 in the County of Queens, with intent to commit upon him the crime of carnal abuse of a child, assaulted the aforenamed Paul Rivera, aged ten years.”
Thereafter and on December 17, 1953, claimant was sentenced to imprisonment in the State prison for a term of not less than one day nor more than the duration of his natural life. In accordance with the sentence, he was imprisoned in Auburn State Prison on December 21, 1953 where he was confined until paroled on December 19, 1955. On September 6, 1956, he was returned to prison for violation of parole and remained in Auburn Prison until his release and discharge on April 25, 1958, pursuant to an order made by Honorable Gerard S. Hewitt, County Judge of Cayuga County.
Judge Hewitt held that “ prior to the determination of the Appellate Division, Third Department, in People ex rel. Cooper v. Martin (5 A D 2d 736), considerable question arose as to whether carnal abuse of a child of the age of 10 years constituted a felony or a misdemeanor.” In view of the decision in the Cooper case, the crime for which this claimant was convicted was at most a misdemeanor according to Judge Hewitt’s decision, which was unanimously affirmed by the Appellate Division (People ex rel. Tesseyman v. Murphy, 8 A D 2d 682).
As the matter now stands, claimant herein was improperly convicted of a felony and imprisoned therefor in Auburn State Prison during the periods above stated. The maximum punishment for a misdemeanor would be a fine of not more than $500, or imprisonment for not more than one year (Penal Law, § 483-b).
The claim is summed up in paragraph “ 11 ” of the claim which states: “ That by reason of the foregoing, the claimant has suffered and sustained grievous personal injury and damage by reason of his wrongful and improper confinement, imprisonment and detention in the jails and prisons as aforesaid, from the 20th day of August, 1953 to the 25th day of April, 1958, except for the period from the 19th day of December, 1955 to September 6, 1956, during which period he was on parole.” It is clear that the claim is based on the erroneous sentence of the committing County Judge. The order of commitment, a *536 photostatic copy of which is attached to the motion papers appears to be regular and valid on its face.
A County Judge is not a State officer within the meaning of the Court of Claims Act. The State is not liable for the errors of a judicial officer on the theory of respondeat superior or otherwise. (Jameison v. State of New York, 4 Misc 2d 326, affd. 7 A D 2d 944; Farrell v. State of New York, 204 Misc. 148.)
Although the conviction of claimant herein was found subsequently to be illegal, it was valid on its face and hence no liability can be found against the State because of any act on the part of the prison authorities (Douglas v. State of New York, 269 App. Div. 521, affd. 296 N. Y. 530; Nastasi v. State of New York, 275 App. Div. 524, affd. 300 N. Y. 473).
The motion of the State to dismiss the claim herein on the ground that the claim fails to allege a valid claim, and does not state facts sufficient to constitute a cause of action, is granted.
Under this decision, it is unnecessary to pass on the claimant’s motion for a change of venue. Submit order.