THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHN DAVID MAKIN, Respondent, v. WALTER H. WILKINS, as Warden of Attica State Prison, Appellant.

Fourth Department, February 25, 1965.

*Louis J. Lefkowitz, Attorney-General* (*Anthony J. Lokot* and *Ruth Kessler Toch* of counsel), for appellant.

*John David Makin,* respondent in person.

BASTOW, J. This appeal presents the question as to whether a person over 18 years of age who carnally abuses an infant of the age of 10 years (one who has reached the 10th birthday but has not reached the 11th birthday) is guilty of a felony (Penal Law, § 483-a) or a misdemeanor (Penal Law, § 483-b).

Chapter 383 of the Laws of 1927 inserted a new section 483-a in the Penal Law making such an act a felony if committed by a male person 18 years of age or over on '' a female child of the age of ten years or under ''. In 1929 section 483-b was inserted in the Penal Law (L. 1929, ch. 684). This made it a misdemeanor (as a first offense) for a male person 18 years or over to commit such an act upon a female child '' over ten years of age and less than sixteen ''. By chapters 423 and 424 of the Laws of 1933 both sections were amended to extend the prohibited acts to all children and not females alone. The chapters also made it a crime for '' any person '' of the age of 18 or over to commit such an act. At the same time section 483-b was amended to define the age group of those upon whom

the act was committed to be " of the age of ten years and over and less than sixteen years of age ". The primary objectives of these 1933 amendments are plain. The reason for changing the language of section 483-b as it related to a child " over ten years of age " so that it applied to a child " of the age of ten years and over " is obscure.

In 1945 *People* v. *O'Neill* (208 Misc. 24) was decided. There defendant had been indicted for two alleged violations of section 483-a (a felony) upon children of the ages of 10 years and 10 months and 10 years and 5 months, respectively. It was held that inasmuch as each child was of the age of 10 years and over no indictment could be returned charging a violation of section 483-a; that the words " ten years or under " in that section excluded those who had passed their 10th birthday. This conclusion was based on *Gibson* v. *People* (44 Col. 600) one of a series of decisions in various jurisdictions (to which reference is hereinafter made) where courts have engaged in an exercise in semantics as to whether a person is " over " or " under " a certain age based upon a reading of contract or statute without extrinsic aids. Thus, the court in *O'Neill* concluded that the defendant could only be charged with a misdemeanor.

In 1950 the Legislature undertook to remedy this ambiguity. Section 483-b was amended (L. 1950, ch. 292) in the following fashion: " Any person who carnally abuses the body of a child of *over* the age of ten years [and over] and less than sixteen years of age   *   *   *   shall be guilty of a misdemeanor ". (Word italicized inserted; words in brackets omitted.) It must be conceded that more precise language could have been used but, as we shall see, the legislative intent is clear.

" Logically the events occurring immediately prior to the enactment of the statute ought to be a most lucrative source for information indicative of the legislative intent embodied therein. Therefore, the history of the measure during its enactment, that is, during the period from its introduction in the legislature to its enactment, has generally been the first extrinsic aid to which courts have turned in attempting to construe an ambiguous act." (2 Sutherland Statutory Construction [3d ed.], § 5003.) Thus, communications sent to the Governor relating to a bill passed by the Legislature and before him for action " are not conclusive but they are aids in seeking legislative intent." (*DeVille* v. *Continental Assur Co.*, 10 A D 2d 386, 390, affd. 8 N Y 2d 1080.) (See, also, *County of Erie* v. *City of Buffalo*, 4 N Y 2d 96, 104; *Matter of New York Cent. R. R. Co.* v. *Donnelly*, 8 A D 2d 65, 70; *Matter of Recreation Lines* v. *Public Serv. Comm.*, 7 A D 2d 20, 23.)

The bill that resulted in the enactment under consideration was introduced by the present Lieutenant Governor (then an Assemblyman). We learn from the contents of the jacket that the bill had been introduced at the request of the District Attorneys' Association of the State of New York. The then president of that association (now a Justice of the Supreme Court) wrote the Governor that "there is an overlapping during the 10th year of the child's age." The proposed amendment was then described and concluded that upon amendment "the carnal abuse of the body of a child who is ten years of age will be a felony and will only be a misdemeanor when the child is over the age of ten years." There are five or six other communications in the jacket all of which make clear the intent of the proposed amendment. (See, also, N. Y. State Legis. Ann., 1950, p. 52.) In fairness it should be added that a single memorandum from a metropolitan Bar Association committee recommended disapproval on the ground that the proposed amendment had not with clarity accomplished its purpose.

It is a familiar rule of statutory construction that when the Legislature amends a statute it will be assumed to have knowledge of judicial decisions interpreting the statute as then existing. "[I]f it deals with it in a manner which does not rebut or overthrow the judicial interpretation it will be regarded as having legislated in the light of and as having accepted such interpretation." (*Orinoco Realty Co.* v. *Bandler,* 233 N. Y. 24, 30.) "[B]ut an amendment substituting a different term forcefully indicates that the judicial decision did not correspond with legislative intent, and that a different interpretation should be had." (1 McKinney's Cons. Laws of N. Y., Statutes, § 193, p. 268, citing *James* v. *Patten,* 6 N. Y. 9, 12; *Pulitzer* v. *City of New York,* 48 App. Div. 6, 10, 11.) Otherwise stated, "[w]e must assume that the law-making body intended to effect a material change in the existing law, otherwise the legislation would be nugatory." (*People ex rel. Sheldon* v. *Board of Appeals of City of N. Y.,* 234 N. Y. 484, 495.) (See, also, *Matter of Smathers,* 309 N. Y. 487, 495; *Matter of Blatnicky* v. *Ciancimino,* 1 A D 2d 383, 388, affd. 2 N Y 2d 943.)

We concede that this amendment to section 483-b could have been stated with greater clarity, as for instance, that carnal abuse of a child who had reached the 11th birthday but had not reached the 16th birthday (cf. Family Ct. Act, § 714) is a misdemeanor. But our search is for legislative intent for certainly the Legislature had some intent in amending the statute.

Prior to 1950 the companion sections (483-a and 483-b) had contained respectively the words " ten years and under " and " ten years and over." At least one judicial decision had held that as to the 10-year-old child the crime could be no more than a misdemeanor. It is clear that by the 1950 amendment (ch. 292) the Legislature intended to change this judicial construction so that the crime would be a felony until the child reached its 11th birthday. This was accomplished by amending section 483-b to make it a misdemeanor to commit the act on a child " over the age of ten years." The failure of the Legislature at the same time to amend section 483-a is of small significance. It is conceded that all doubt would have been removed if the language of that section (" ten years or under ") had been changed to read " under ten years of age." But here " [t]he legislative intent is the great and controlling principle. Literal meanings of words are not to be adhered to or suffered to ' defeat the general purpose and manifest policy intended to be promoted ' " (*People* v. *Ryan,* 274 N. Y. 149, 152).

As an abstract legal principle and absent any surrounding facts to shed light on the intent of the Legislature there appears to be a division of opinion in other jurisdictions as to whether a person is " over " a certain age when he has reached a particular anniversary (*State of Alaska* v. *Linn,* 363 P. 2d 361; *Green* v. *Patriotic Order Sons of America,* 242 N. C. 78) or is not " over " a specified age until he has passed the birthday next beyond the specified age. (*Wilson* v. *Mid-Continent Life Ins. Co.,* 159 Okl. 191; *Watson* v. *Loyal Union Life Assn.,* 143 Okl. 4) (See, also, 67 C. J. S., p. 541. ) Moreover, there is authority in other jurisdictions that a statute concerning an offense against a child " under " a designated age is not applicable where the child has passed the anniversary of such age. (*Gibson* v. *People,* 44 Col. 600, *supra;* *Knott* v. *Rawlings,* 250 Ia. 892.)

Thus, it is possible by posing syllogisms to prove by judicial authorities in other jurisdictions that it is no crime in this State to carnally abuse a 10-year-old child. In other words it would not be a felony under section 483-a (" ten years or under ") because as one court states the rule " [a] child is [10] years of age on the [tenth] anniversary of his birth, and thereafter is over [10] years of age." (*Knott* v. *Rawlings, supra,* p. 897.) On the other hand, if another line of authorities in foreign jurisdictions is accepted, such an act as to a 10-year-old child would not be a misdemeanor. Section 483-b prohibits carnal abuse as to a child " over the age of ten years." As

to this it has been written that " [a] person is ordinarily not considered over [10] years of age until he arrives at the age of [11]. It may safely be said that it is universally so understood " (*Watson* v. *Loyal Union Life Assn., supra,* p. 5).

We need not tarry over these and similar decisions because here we are not construing a bare statutory or contract provision without extrinsic aid. It is a familiar rule of statutory construction that " any material change in the language of the original act is presumed to indicate a change in legal rights. The legislature is presumed to know the prior construction of terms in the original act, and an amendment substituting a new term or phrase for one previously construed indicates that the judicial or executive construction of the former term or phrase did not correspond with the legislative intent and a different interpretation should be given the new term or phrase." (1 Sutherland Statutory Construction [3d ed.], § 1930.)

Relator herein was convicted in 1963 upon his plea of guilty to a count in an indictment charging a violation of section 483-a (a felony) in that on December 2, 1962 he carnally abused a child of the age of 10 years. He was sentenced to imprisonment and thereafter sought relief in a habeas corpus proceeding. Therein proof was furnished that on the date of the criminal act the infant was 10 years and 3 months of age. The writ was sustained and relator remanded. The court in granting relief relied on *People ex rel. Cooper* v. *Martin* (5 A D 2d 736). Such reliance was misplaced but our reason for this conclusion requires the recital of further legislative history.

It appears that in 1950 and for some years prior thereto a special committee had been studying the problem of sex offenders (cf. Public Papers of Governor Dewey, 1950, p. 412). This activity culminated in the enactment of chapter 525 of the Laws of 1950. This chapter contained extensive amendments of several statutes, including the Penal Law, and authorized, as to certain sex offenses, the imposition of an indeterminate sentence of one day to life. Among other sections amended was section 483-b of the Penal Law and in so doing the Legislature (ch. 525, § 12) re-enacted the old language ("of the age of ten years and over ") in apparent oversight of the amendment made to the section at the same session by chapter 292. (See N. Y. Legis. Ann., 1950, p. 52.)

Chapter 292 became a law March 30, 1950 while chapter 525 became a law on April 11, 1950. Thus, from 1950 to 1957 there were two sections 483-b extant — one (chapter 525) containing

the provision " of the age of ten years and over " and the other (chapter 292) setting forth the new language — " over the age of ten years ".

It was in this posture of the statute that *People ex rel. Cooper* v. *Martin* (*supra*) was decided in 1957. There the court was dealing with an act alleged to have been committed in 1954. The court set forth the two enactments of 1950 and concluded (p. 537) " that the earlier enactment [ch. 292] was superseded by the latter one [ch. 525] and the language, which in this respect had been in the statute before either of the 1950 amendments and had been enacted first in 1929 (ch. 684) was restored to it." This court reached the same conclusion upon somewhat similar facts as to an offense alleged to have been committed in 1953. (*People ex rel Tesseyman* v. *Murphy*, 8 A D 2d 682.) (Cf. *Tesseyman* v. *State of New York*, 21 Misc 2d 534.)

But here, as stated, we are considering a crime committed in 1962. Prior to that year the Legislature had again amended section 483-b by chapter 482 of the Laws of 1957. The principal amendment is here immaterial but important is the fact that the enactment recited (§ 1) that section 483-b, as last amended by chapters 292 and 525 of the Laws of 1950, was " amended to read as follows ". There follows the language from chapter 292 (" over the age of ten years "). This enactment took effect July 1, 1957 and thereby the short-lived language of the chapter 292 enactment of 1950 after the lapse of seven years again became the only statutory provision on the subject and the language of the 1929 enactment (" over ten years of age ") was effectively eliminated. It follows that *People ex rel. Cooper* v. *Martin* (*supra*) (relied on by County Court) has no applicability for that decision dealt with a crime committed before the 1957 amendment.

We conclude that section 483-a applies to (1) a child 10 years of age and (2) a child under 10 years of age. Section 483-b applies only to a child who has reached its 11th birthday and is less than 16. It is recognized that the words " over " or " under " when used in connection with a specified age may be judicially construed with varying results. Similarly, a literal construction of these two sections may well produce a result contrary to that here reached. But such a literal construction must be rejected if " it is evident that a literal construction does not correctly reflect the legislative intent, as indicated by the general purpose and history of the statute and its language, read as a whole and not word by word." (*Matter of Schinasi*, 277 N. Y. 252, 259.)

The order should be reversed, writ dismissed, and relator remanded to the custody of appellant.

GOLDMAN, J. (dissenting). The construction of section 483-a of the Penal Law, only, is in issue on this appeal. Relator was indicted and pleaded guilty to a count of carnal abuse "of a child of the age of ten years" in violation of that section. At the time of the alleged act the child was 10 years and 3½ months old. We cannot agree that within the meaning of section 483-a a child is 10 years until he has reached his 11th birthday. Companion section 483-b has been amended five times. It is difficult to understand how these statutes could have received such periodic and repeated attention and yet create such confusion regarding their construction as to require the Attorney-General to support his argument (that there is no doubt about the legislative intent that a child should not be considered over 10 until he is 11) by explaining away the plain wording of the statute with an assertion that "it came about that inevitably and unwittingly the drafters of the April 11 catchall law copied with exactness the words of the 1933 § 483-a and the 1937 § 483-b". A word does not mean "just what I choose it to mean — neither more nor less", particularly when dealing with the matter of age which should be an item of competent proof and susceptible of precise definition. How simple and uncomplicated it would have been for the Legislature in dealing with section 483-a to have said "a child who has reached his 11th birthday" or merely "under 11 years of age" and with respect to section 483-b to have said "11 years and over". We concur with the majority's assertion "that more precise language could have been used" and surely should have been in its amendment of section 483-b. We add at the same time, however, that only through an amendment of section 483-a, similar to the one suggested, could the result reached by the majority be achieved under rules of statutory construction.

Caught up as we are in this dilemma we, of course, look to the history of the original enactment of sections 483-a and 483-b and their amendments, and employ all aids which are available to ascertain what the Legislature intended when it adopted the language here under consideration. The legislative history and the principles of construction are ably and well discussed in the prevailing opinion and will not be repeated here. At the threshold of our inquiry we must recognize that we are dealing with a penal statute. It is axiomatic that it must be strictly construed, and the burden is upon the People to demon-

strate that it applies to, and should be enforced against, the relator. Furthermore, section 21 of the Penal Law requires that its "provisions must be construed according to the fair import of their terms"; or as Chief Justice MARSHALL wrote in *Gibbons* v. *Ogden* (9 Wheat. [22 U.S.] 1, 188) in referring to the framers of our Constitution: "[they] must be understood to have employed words in their natural sense, and to have intended what they have said." This principle of construction, and that which we urge, was succinctly expressed in *People* v. *Wood* (8 N Y 2d 48) where Judge BURKE wrote (p. 51): "We shall not vindicate the wrong by a strained interpretation of this legislative codification of the common law. Penal responsibility, unlike moral responsibility, cannot be extended beyond the fair scope of the statutory mandate (Penal Law, § 21; *People* v. *Ryan*, 263 N. Y. 298, 302)."

Although various legislative sessions have considered this problem, the courts of our State have had few occasions to deal with this question. The Wyoming County Court, in sustaining the writ, bottomed its determination on the authority of *People ex rel. Cooper* v. *Martin* (5 A D 2d 736) which construed section 483-b as amended, effective April 11, 1950, by chapter 525 of the laws of that year. This evident effort of the Legislature to eliminate the overlap in ages still left to interpretation the terms "ten years or under" and "over the age of ten years" in determining the classification of the act as a felony or misdemeanor. There is no legislative history in existence to aid us in determining what the Legislature intended when it first enacted section 483-a. It is significant that this section defining the crime as a felony when amended in 1950 repeated the very same language it used in 1927 — "ten years or under". It is urged that in adopting the 1950 amendment of section 483-b the Legislature was influenced by a desire to change section 483-a in order to avoid the result reached by the Supreme Court in *People* v. *O'Neill* (208 Misc. 24) where the court held that "ten years or under" excluded a child who had passed his 10th birthday. The failure of the Legislature to have changed the pertinent language of section 483-a in its 1950 and 1957 amendments to section 483-b clearly indicates that it was not induced to amend section 483-b (and section 483-a by implication) by reason of *People* v. *O'Neill*, and that therefore the reasoning of that decision should be applied in the case at bar. If the 1957 amendment of section 483-b is construed to mean 11 years or over, this would create a gap of one year, applying as we believe we must, the *O'Neill* rule as to section 483-a.

Faced, as we are, with a paucity of New York decisions, we turn to the judicial determinations of other jurisdictions which have interpreted similar language and support the result we advocate. Uniformity and certainty are served by applying, as *O'Neill* did, the common-law rule that a person attains a given age on the day preceding the anniversary of his birth (1 Blackstone's Comm., p. 463). One born on the first day of the year is consequently deemed to be one year old on the 365th day after his birth — the last day of the year (*Erwin* v. *Benton,* 120 Ky. 536). As a basis for its decision in *O'Neill,* the court adopted the reasoning of the Supreme Court of Colorado in *Gibson* v. *People* (44 Col. 600). Under consideration in that case was the construction of a statute dealing with the crime of contributing to the delinquency of a child " 16 years of age or under ". In concluding that this language excluded a child who had passed his 16th birthday, the court said (p. 604): " in the true sense, it [child] is sixteen and over whenever it has passed beyond the first day of the sixteenth anniversary of its birth. Had it been the intention to include children up to the time they reach their seventeenth birthday, the general assembly would naturally have said 'children under seventeen years of age.' " Similar determinations in sister jurisdictions are the following: *Knott* v. *Rawlings* (250 Ia. 892) (a child of 16 years 6 months was not " a child of the age of sixteen years, or under "); *Jackson* v. *Mason* (145 Mich. 338) (" between and including the ages of seven and fifteen years " did not go beyond the fifteenth birthday); *Gingerich* v. *State of Ind.* (228 Ind. 440, 449) (" between the ages of seven and fifteen years inclusive * * * would not include the period between his fifteenth and sixteenth year."); *Butler* v. *State* (81 Tex. Cr. Rep. 167 [Ct. of Crim. App. of Tex.]) (" eight years and not more than fourteen years old " did not include a child 14 years and 18 days old); *Hobson* v. *Postal Tel.-Cable Co.* (161 Tenn. 419) (" between the ages of fourteen and sixteen " was inapplicable to a boy 16 years and 11 months); *Thompson* v. *Commonwealth* (201 Ky. 19) (" 17 years of age or under " did not include one 17 years and 3 months); *Matter of Smith* (351 P. 2d 1076, 1078 [Ct. of Crim. App. of Okla.]) (" over eighteen years of age" included a youth " the first moment, of the 18th birthday "); *State of Alaska* v. *Linn* (363 P. 2d 361 [Supreme Ct. of Alaska] (" over sixteen years of age " applied to a defendant 16 years and 5 months. At page 363: " We find the law to be quite well established that, with respect to penal statutes, a person is over or under a certain age, say sixteen years, when he has reached that particular anniversary of his birthday.").

What the majority is attempting to do is to come under the familiar rule of statutory construction that contemporaneous memoranda regarding particular legislation can serve as an aid in determining legislative intent. Section 483-a has, however, remained substantially unchanged to the present day. A legislative pronouncement of its intent 23 or 30 years after its enactment could scarcely be claimed to fit within that principle. (Cf. *Matter of Leathersich* v. *Wade,* 20 A D 2d 963.) In *Leathersich* we implicitly frowned on this type of testimony to determine local legislative intent in hearings before administrative agencies, where acquiescence for a period of time in the written meaning of words tends to justify public reliance on an ordinance. The applicability of this principle in interpreting criminal statutes is even more demanding. Criminal conviction by construction should be avoided unless the fundamental and basic meaning of the statute creating the crime is clear and unambiguous. Surely if there is doubt as to its meaning, a construction consistent with inapplicability of the statute should be resolved in favor of the defendant. Our position is well stated by Mr. Justice BREWER in *Todd* v. *United States* (158 U. S. 278, 282) in this statement: " It is axiomatic that statutes creating and defining crimes cannot be extended by intendment, and that no act, however wrongful, can be punished under such a statute unless clearly within its terms. ' There can be no constructive offences, and before a man can be punished, his case must be plainly and unmistakably within the statute.' *United States* v. *Lacher,* 134 U. S. 624; Endlich on the Interpretation of Statutes, sec. 329, 2d ed.; Pomeroy's Sedgwick on Statutory and Constitutional Construction, 280."

In our judgment County Court was correct in sustaining the writ and should be affirmed.

WILLIAMS, P. J., and HENRY, J., concur with BASTOW, J.; GOLDMAN, J., dissents and votes for affirmance in opinion, in which NOONAN, J., concurs.

Order reversed, writ dismissed, and relator remanded to the custody of the Warden of Attica State Prison.