**Gordon Elmore NOBLE, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 39495.**

Court of Criminal Appeals of Texas.

April 6, 1966.

Rehearing Denied May 25, 1966.

---

Brown, Shuman & Harding, by Clifford Brown, Lubbock, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is driving while intoxicated; the punishment, 60 days in jail and a fine of $150.00.

Appellant's neighbor Garth testified that on the evening in question he observed appellant stumble out of his house, secure the assistance of another neighbor in getting an automobile started, and drive away, whereupon Garth called the police.

Officer Hatfield testified that in response to a call he brought the automobile which appellant was driving to a halt and observed that appellant was unsteady on his feet, smelled strongly of alcoholic beverage and spoke in a blurred manner. The officer expressed the opinion that appellant was intoxicated.

Sheriff Clements and his son, who was also a peace officer, arrived upon the scene of the arrest and both testified that from the manner of appellant's walk, the smell on his breath, and his manner of speaking, they were of the opinion that he was intoxicated.

Appellant, testifying in his own behalf, stated that he had drunk one-half of a bottle of beer shortly before he was arrested, but denied that he was intoxicated. His wife and his neighbor who had assisted him in starting the automobile testified that appellant was not intoxicated.

The jury resolved the conflict in the testimony against the appellant, and we find the evidence sufficient to sustain the conviction.

By brief and in argument it is contended that fundamental error exists in the charge and that reversible error is reflected by certain unresponsive answers given by the officers. Reliance is had upon the holding of this Court in Sparks v. State, Tex.Cr.App., 366 S.W.2d 591, and Tomlinson v. State, 163 Tex.Cr.R. 44, 289 S.W.2d 267. In Sparks there was an objection to the court's charge. In the case at bar there was none. In Tomlinson there were objections to the testimony which were overruled. In the case at bar the jury was instructed not to consider the unresponsive answers. We do not agree that fundamental error is presented by the charge or that reversible error is reflected by the unresponsive answers.

Finding no reversible error, the judgment is affirmed.