Edwin Lee **MURRAY**, Appellant,

v.

**The STATE of Texas, Appellee.**

No. 42007.

Court of Criminal Appeals of Texas.

April 9, 1969.

John W. O'Dowd, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Gene D. Miles, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ONION, Judge.

The offense is speeding; the punishment, a $101 fine.

This prosecution originated upon a complaint filed in the Corporation Court of the City of Houston. After conviction in that court with punishment assessed at a $50 fine appellant appealed to the county court.

Following a trial de novo, judgment was rendered in County Criminal Court at Law

No. 2 of Harris County, assessing the punishment as noted above. From this judgment appellant gave notice of appeal to this Court.

In his first ground of error appellant urges that the trial court erred in overruling his motion to quash the complaint because the complaint is not shown to be signed by any person as affiant.

This appears to be the same question raised and decided against appellant's contention in Parsons v. State, Tex.Cr.App., 429 S.W.2d 476.

The complaint in the record before us is signed by Rita Camarillo in the same manner as the complaint in Parsons was signed by Carolyn T. Farber. It was also sworn to and subscribed before H. C. Martin, Deputy Clerk of the Corporation Court of the City of Houston, Harris County, Texas.

The signature at the bottom of the affidavit or complaint appears to be the facsimile stamped signature of Rita Camarillo.

■ If evidence was offered on the motion to quash, it is not in the record before us. The record will not support a conclusion by this Court that Rita Camarillo did not actually place the signature on the affidavit or complaint.

In Parsons we said:

"The use of a stamp producing a facsimile of an original signature in signing legal documents has been upheld by this court. Stork v. State, 114 Tex.Cr.R. 398, 23 S.W.2d 733; Ex parte Spencer, 171 Tex.Cr.R. 339, 349 S.W.2d 727; Ex parte Britton, Tex.Cr.App., 382 S.W.2d 264."

Ground of error #1 is overruled.

In his next four grounds of error appellant challenges the sufficiency of the evidence to show that he was travelling at a speed "in excess of 35 miles per hour, to wit: 55 miles per hour" "between the beginning of the 4600 block and the end of the 4100 block of upon Willowbend, a public street and highway," "within the incorporated limits of the City of Houston," as charged in the complaint.

It was stipulated "that a prevailing city ordinance designates the lawful speed in the area wherein the motorcycle was clocked, between the 4600 and 4100 blocks of Willowbend, at thirty-five (35) miles per hour; that being the maximum speed in that district on the day in question."

■ Houston police officer J. W. Allen testified that he observed the appellant on a BSA motorcycle on the date in question within the incorporated Houston City limits at the intersection of Post and Willowbend stopped for a traffic light; that appellant proceeded on the aforementioned blocks of Willowbend "at a high rate of speed," "speeding"; that such was a residential area and that streets that cross Willowbend were controlled by stop signs.

Officer C. F. Nasso, Allen's partner at the time in question, related that he clocked appellant at 70 miles per hour; that based on his experience as a driver and a police officer he was of the opinion appellant was exceeding the speed limit.

Testifying in his own behalf, appellant admitted driving a motorcycle upon the designated blocks of Willowbend, which he described as a 4-lane street divided with an esplanade; that there was no other traffic on "that road" at the time (5 a. m. on January 18, 1968); that the speedometer on the motorcycle was broken and he had no idea of his speed; that his speed was somewhere between 10 miles per hour and 100 miles per hour but he did not think he was going over 35 miles per hour.

We find the evidence sufficient to sustain the conviction. Holley v. State, Tex.Cr.App., 366 S.W.2d 570.

Grounds of error #2 through #5 are overruled.

In grounds of error #6 and #7 appellant complains Officer Nasso was permitted to

express his opinion or conclusion that appellant was speeding without a proper predicate being laid and the answer being unresponsive to the actual question asked.

After Nasso's experience as a driver and a police officer was established and he stated he was able to express an opinion as to whether appellant was speeding based on his observations at the time, the record reflects the following:

"Q. Based on that experience and what you saw this day, do you have an opinion as to whether or not this defendant was exceeding the speed limit?

"MR. O'DOWD: Objection, that calls for a conclusion.

"THE COURT: Overruled.

"MR. O'DOWD: And also no proper predicate has been laid.

"THE COURT: Overruled.

"MR. O'DOWD: Note my exception on each case.

"Q. (By Mr. Miles) What is your opinion as to how fast you were going this morning?

"MR. O'DOWD: Objection, calling for a conclusion, and no proper predicate has been laid.

"THE COURT: Overruled.

"MR. O'DOWD: Note my exception.

"Q. (By Mr. Miles) Answer the question?

"A. Yes sir, the gentleman was speeding in my opinion.

"MR. O'DOWD: Objection, that calls for a conclusion and is not responsive.

"THE COURT: Overruled.

"MR. O'DOWD: Note my exception.

"MR. MILES: At this time, Your Honor, we have a stipulation. * * *"

First, we observe that if any error is presented the appellant failed to ask for any further relief, i. e., a motion for mistrial. Further, it is noted that the case was being tried before the court without a jury. It is presumed that if such evidence was inadmissible, it was disregarded by the court. Cf. Noble v. State, Tex.Cr. App., 402 S.W.2d 758. Even without such testimony the evidence is sufficient to sustain the conviction.

Grounds of error #6 and #7 are overruled.

The judgment is affirmed.