**Billy Ray CANADA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 58327.**

Court of Criminal Appeals of Texas,
Panel No. 1.

Nov. 14, 1979.

Steven G. Condox, Arch C. McColl, Dallas, for appellant.

Henry M. Wade, Dist. Atty., Karen Chilton Beverly, John Tatum and Rider Scott, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and DOUGLAS and W. C. DAVIS, JJ.

OPINION

DOUGLAS, Judge.

Appeal is taken from a conviction for injury to a child. The trial was before a judge. Punishment was assessed at twenty years.

Canada's former wife, Julia Annette Reed, testified that she saw Canada grab the leg of Rebecca Dawn Reed, her daughter who was then three years of age, just below the knee and twist it with both hands until she heard a "pop". The leg was bro-

ken. She further testified that Canada had earlier blackened the child's eye by hitting her with a belt.

Canada testified that he had fallen on the victim as he attempted to catch her when she fell off the roof of his car after she had been placed there by Julia Reed.

Dr. James G. Brooks, Jr., an orthopedic surgeon, testified that he had treated the victim and that her injury, a spiral fracture of the left femur, was consistent with a hypothetical situation encompassing Julia Reed's version of the incident, but inconsistent with a hypothetical situation encompassing Canada's version. Dr. Brooks also testified that when he examined Rebecca she suffered from contusions and abrasions.

Photographs depicting Rebecca's injuries were introduced.

Appellant now complains that the trial court erred in admitting over appellant's objection evidence of an extraneous offense. John Combs, a child welfare supervisor, was permitted to testify that Canada had threatened him with bodily injury four days before Rebecca's leg was injured when he requested that he be permitted to examine Rebecca.

In *Murray v. State*, 438 S.W.2d 916 (Tex. Cr.App.1969), this Court said:

"First, we observe that if any error is presented the appellant failed to ask for any further relief, i. e., a motion for mistrial. Further, it is noted that the case was being tried before the court without a jury. It is presumed that if such evidence was inadmissible, it was disregarded by the court. Cf. *Noble v. State*, Tex.Cr.App., 402 S.W.2d 758. Even without such testimony the evidence is sufficient to sustain the conviction." 438 S.W.2d at 918.

That language is applicable to the instant case. If any error occurred, it is not reversible.

Appellant next complains that the trial court erred in permitting the cross-examination of appellant about two prior offenses. Appellant was asked about an arrest for public intoxication in 1976 and an

arrest for armed robbery in a matter that was pending at the time of the instant case.

◾ The holding of *Murray* would be sufficient to overrule appellant's contention, but assuming that the testimony constituted error, we note that the question about the intoxication arrest was asked after appellant's answer to a question by his own counsel on direct examination, in which appellant claimed not to drink often. The question about the robbery arrest was in response to the following exchange between appellant's counsel and appellant's witness, Dr. James P. Grigson:

"Q. Dr. Grigson, in that respect, you are aware that Billy Ray Canada has virtually no criminal record?

"A. Yes, I am.

"Q. How do you correlate that with the testimony that you have just given? In other words, if he is so violent, what's he doing here as a first offender?

"A. Well, I think that he is not an individual that would go out and say burglarize a place or rob a store or this type thing, his frustrations would be more apt to inflict themselves upon people that were close to him, or he was involved with and that probably any expression of that kind would not necessarily always lead to say, criminal charges against him.

"Q. I notice in your report that you say he is 27 years old?

"A. Right.

"Q. And he would certainly appear to be his stated age?

"A. Right.

"Q. And once again, you are aware that he has never been charged with murder or robbery or assault or anything like that?

"A. Right, I certainly am.

"Q. For as long as he has been an adult, which is basically 10 years?

"A. Right."

Appellant's counsel opened the door to the testimony complained of. His contention is overruled.

◾ Canada contends that the trial court erred in admitting Dr. Brooks' answer to a hypothetical question. Dr. Brooks was asked:

"Q. . . . if an adult male of say, approximately six foot tall and say 180 pounds, average strength, were to take the left leg of this small girl who was in a seated position and twist the leg either to the right or left in a rotating manner, would that action be consistent or inconsistent with the fracture that you found on Rebecca Dawn Canada?"

Counsel for appellant objected to the *form* of the question because no proper predicate had been laid.

◾ Appellant now urges that the question assumed facts not in evidence. The objection was not specific enough to preserve error for review. An objection that the proper predicate has not been laid is too general and does not merit consideration. *Boss v. State*, 489 S.W.2d 582 (Tex.Cr.App. 1972); *Russell v. State*, 468 S.W.2d 373 (Tex.Cr.App.1971). See *Bennett v. State*, 394 S.W.2d 804 (Tex.Cr.App.1965), and 5 Tex.Jur.2d, Section 171.

◾ In his supplemental brief, Canada contends that the indictment was fundamentally defective in that it charged injury to a person "less than fifteen years of age" rather than to a person "fourteen years of age or under."

He also claims that there was a fatal variance between the indictment and the judgment, which recites the statutory language of "fourteen years of age or under."

The phrases are identical in meaning; the contentions are without merit. *Phillips v. State*, 588 S.W.2d 378 (Tex.Cr.App.1979).

◾ Appellant's final contention is that the State failed to prove that appellant hit Rebecca Reed with a belt in Dallas County as alleged in the indictment, asserting that the only such assault testified to by Julia

Reed occurred in Arkansas. Julia Reed testified that such an assault occurred in February, 1977, after Canada and Reed had returned to Texas. In addition, the court heard ample proof of the twisting by appellant of Rebecca Reed's leg. Proof of one of the means alleged is sufficient. *Papes v. State*, 494 S.W.2d 910 (Tex.Cr.App.1973). No reversible error has been shown.

The judgment is affirmed.