404 So.2d 199 (1981)
STATE of Florida, Appellant,
v.
Erling Knud Ove HANSEN, Jr., Appellee.
No. WW-366.
District Court of Appeal of Florida, First District.
October 6, 1981.
Jim Smith, Atty. Gen. and David P. Gauldin, Asst. Atty. Gen., for appellant.
*200 Michael J. Minerva, Public Defender, Lynn A. Thompson, Asst. Public Defender and Baya Harrison, III of Fuller, Johnson & Harrison, Tallahassee, for appellee.
WENTWORTH, Judge.
The state appeals the dismissal of one count in an indictment that had charged Hansen with a capital-felony violation of section 794.011(2), Florida Statutes. The judge determined the foregoing statute was ambiguous when compared with section 794.011(3), and he resolved this perceived ambiguity in favor of the defendant by dismissing the count. We find no fatal ambiguity in these subsections, so we reverse.
The pertinent parts of section 794.011 provide:
(2) A person 18 years of age or older who commits sexual battery upon, or injures the sexual organs of, a person 11 years of age or younger in an attempt to commit sexual battery upon said person commits a capital felony... .
* * * * * *
(3) A person who commits sexual battery upon a person over the age of 11 years, without that person's consent, and in the process thereof uses or threatens to use a deadly weapon or uses actual physical force likely to cause serious personal injury shall be guilty of a life felony... .
On the day of the alleged sexual battery, the victim was approximately 11 years and 3 months old. She was within the plain language of section (2) of the statute addressing victims "11 years of age or younger." Section 794.011(3), addressing victims "over the age of 11 years," unequivocally protects victims who are not within the first defined class because they have reached 12 years of age. Any other construction of the latter language, to extend it to persons throughout the year during which they are 11 years old and not yet 12 years old, would entirely nullify the words in section (2) extending its penalty to offenses against "a person 11 years of age," since one who enters that class by reaching 11 years of age would simultaneously pass the eleventh birthday. The legislature could achieve that intent only by limiting section (2) to persons under 11 years of age, which of course is contrary to the statute as written. We are unwilling either to so emasculate the terms employed or to find the law fatally ambiguous when the two sections, read together, clearly describe the line of demarcation and eliminate any ambiguity which might exist if section (3) stood alone.
The case, in our opinion, presents an instance where, in the choice of maxims of statutory construction, the plain meaning rule makes unnecessary the application of strict construction principles which would govern an ambiguity not resolved by the language itself in context. See Annotation, 73 A.L.R.2d 874 (1960). We recognize, however, that our conclusion is in direct conflict with that reach by the District Court of Appeal, Fourth District. State v. Carroll, 378 So.2d 4 (Fla. 4th DCA 1980); Wright v. State, 390 So.2d 118 (Fla. 4th DCA 1980). See also Buford v. State, 403 So.2d 943, (Fla. 1981), which invalidates the imposition of a sentence of death under the statute here in question.
Accordingly, this cause is reversed and remanded to the trial court for proceedings not inconsistent with this opinion.
MILLS, J., and VIRGINIA Q. BEVERLY, Associate Judge, concur.