STATE OF NEBRASKA, APPELLANT, V. WALTER C. CARLSON,
APPELLEE.

394 N.W.2d 669

Filed October 10, 1986.    No. 86-365.

Donald L. Knowles, Douglas County Attorney, and Marc B. Delman, for appellant.

Emil M. Fabian of Taylor, Fabian, Thielen & Thielen, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

SHANAHAN, J.

Pursuant to Neb. Rev. Stat. §§ 29-2315.01 et seq. (Reissue 1985) (appeal by county attorney of court rulings or decisions), the county attorney for Douglas County appeals the judgment of the district court sustaining Walter C. Carlson's pleas in abatement, see Neb. Rev. Stat. § 29-1809 (Reissue 1985), and dismissing two informations filed against Carlson. Both informations charged Carlson with violation of Neb. Rev. Stat. § 28-320.01(1) (Reissue 1985) of the Nebraska Criminal Code, which provides: "A person commits sexual assault of a child if he or she subjects another person fourteen years of age or younger to sexual contact and the actor is at least nineteen years

of age or older."

Carlson filed his "PLEA IN ABATEMENT and MOTION TO DISMISS," alleging:

1. The State of Nebraska adduced evidence at the Preliminary Hearing tending to show that at all times relative to the charges filed herein, the alleged victims had already attained the exact age of fourteen (14) years;

2. That §28-320.01, NEB. REV. STAT., (Cum. Supp. 1984) is only applicable in those situations in which the alleged victim is exactly or less than fourteen (14) years of age.

Evidence before the district court conclusively established that the age of one victim was 14 years and 10 months, while the age of the other victim was 14 years and 3 months. On such evidence of each victim's age, the district court sustained Carlson's pleas in abatement and dismissed the informations, with the following explanation contained in the court's dispositive orders:

The evidence adduced at the preliminary hearing in the pending cases established that the alleged victims were fourteen years and some months of age. The statute under which the Defendant is charged contains, as one of its essential elements, proof of the fact that the victim is "fourteen years of age or younger." . . . Had the legislature intended to expand the period to include the entirety of the year following the stated age, it could either have included a definition to that effect or used language to express that the statute should apply to persons under the age of the seventeenth [sic] birthday or younger.

Referring to construction of the phrase "fourteen years of age or younger," the State claims the district court erred in its decision that § 28-320.01 "applies only to victims on their fourteenth birthday or younger." Carlson contends that "fourteen years of age" is an exact and definite boundary which excludes those who have "attained an age beyond the fourteenth anniversary of their birth." Brief for Appellee at 1.

The question presented is one of first impression before this court and must be answered by our construing the particular statute on which the State bases prosecution of Carlson. The

question is: May those who have attained their 14th birthday but not reached their 15th birthday constitute victims within the purview of § 28-320.01?

To assist us in reaching the answer, we rely on definite rules for statutory construction. As we stated in *Sorensen v. Meyer*, 220 Neb. 457, 462, 370 N.W.2d 173, 177 (1985): "Statutory language should be given its plain and ordinary meaning . . . and where the words of a statute are plain, direct, and unambiguous, no interpretation is necessary to ascertain their meaning." (Citations omitted.) In *Kellogg Company v. Herrington*, 216 Neb. 138, 144, 343 N.W.2d 326, 330 (1984), we stated: " 'Where words of a statute are plain and unambiguous, no interpretation is needed to ascertain their meaning, and in the absence of anything to indicate the contrary, words will be given their ordinary meaning.' " (Quoting *Hill v. City of Lincoln*, 213 Neb. 517, 330 N.W.2d 471 (1983).) See, also, *State v. Stratton*, 220 Neb. 854, 374 N.W.2d 31 (1985). We also note that an essential purpose of a penal statute is to provide notice to the ordinary person concerning conduct which is proscribed as criminal. See *State v. Ruzicka*, 218 Neb. 594, 357 N.W.2d 457 (1984). See, also, *State v. Lynch*, ante p. 849, 862, 394 N.W.2d 651, 662 (1986) (" 'A crime and the elements constituting it must be so clearly expressed that the ordinary person can intelligently choose in advance what course it is lawful for him to pursue' "). Our statement in *Adkisson v. City of Columbus*, 214 Neb. 129, 133, 333 N.W.2d 661, 664 (1983), is pertinent to the present task: "We are first reminded that a statute should be construed so that an ordinary person reading it would get from it the usual, accepted meaning." See, also, *O'Neill Production Credit Assn. v. Schnoor*, 208 Neb. 105, 108, 302 N.W.2d 376, 378 (1981)(" 'Generally speaking, a statute should be construed so that an ordinary person reading it would get from it the usual accepted meaning. . . .' "). The foregoing well-established principles guide us in construing § 28-320.01 concerning a victim's age in a criminal sexual assault on a child.

As pointed out by Carlson, there are jurisdictions which have construed the phrase "_____ years of age or younger" to include only persons who had not passed a statutorily specified

anniversary of their birth. See, *Knott v. Rawlings*, 250 Iowa 892, 96 N.W.2d 900 (1959) (before the 16th anniversary of birth, an individual is under the age of 16 years and after that anniversary is over the age of 16); *Gibson v. People*, 44 Colo. 600, 99 P. 333 (1908) ("16 years of age or under" excludes children who have passed beyond their 16th birthday, for a child is 16 years of age on the 16th anniversary of birth and thereafter is over 16 years of age); *State v. McGaha*, 306 N.C. 699, 295 S.E.2d 449 (1982) (once a child passes the 12th birthday, the child is over 12 years of age). However, in contrast, other jurisdictions have construed the statutory phrase "_____ years of age or younger" to include children who had reached the particular birthday stated in the statute but have not reached that birthday immediately subsequent to the birthday designated in the statute.

In construing New York's criminal sexual assault statute, the court in *People ex rel. Makin v. Wilkins*, 22 A.D.2d 497, 257 N.Y.S.2d 288 (1965), was confronted by the phrase "a female child of the age of ten years or under." The penal laws of New York specified that a sexual assault was a felony if committed by a male person 18 years of age or over on "a female child of the age of ten years or under," while sexual assault was a misdemeanor if committed by a male person 18 years or over on a female child "over ten years of age and less than sixteen." The victim was 10 years and 3 months of age. Therefore, the question was whether a person over 18 years of age who carnally abused an infant of the age of 10 years (one who had reached the 10th birthday but not reached the 11th birthday) was guilty of a felony or a misdemeanor under New York law. In *Wilkins* the court held that a child 10 years and 3 months of age was "a child ten years of age" until such child reached its 11th birthday, so that the felony provisions of the questioned statute were activated. *Id.* at 502, 257 N.Y.S.2d at 294.

Statutory construction of the phrase "a person 11 years of age or younger" was necessary in *State v. Hansen*, 404 So. 2d 199 (Fla. App. 1981). The victim was 11 years and 3 months old. The sexual battery statute contained two sections, namely:

> (2) A person 18 years of age or older who commits sexual battery upon, or injures the sexual organs of, a

person 11 years of age or younger in an attempt to commit sexual battery upon said person commits a capital felony.
. . .

(3) A person who commits sexual battery upon a person over the age of 11 years, without that person's consent, and in the process thereof uses or threatens to use a deadly weapon or uses actual physical force likely to cause serious personal injury shall be guilty of a life felony . . . .

Fla. Stat. Ann. § 794.011 (West 1976). When the circuit court dismissed the capital-felony violation on account of the victim's age, the State appealed. In reversing dismissal of the charge, the Florida court stated that the victim "was within the plain language of section (2) of the statute addressing victims '11 years of age or younger' " and explained: "The case, in our opinion, presents an instance where, in the choice of maxims of statutory construction, the plain meaning rule makes unnecessary the application of strict construction principles which would govern an ambiguity not resolved by the language itself in context." 404 So. 2d at 200. Subsequently, the Supreme Court of Florida affirmed the court of appeal's ruling, finding the reasoning expressed in the court of appeal's opinion to be correct and adopting that opinion "as our own." *Hansen v. State*, 421 So. 2d 504 (Fla. 1982).

Although addressing and construing a compulsory education statute pertaining to children "between the ages of seven and sixteen years, inclusive," in *Covell v. State*, 143 Tenn. 571, 227 S.W. 41 (1920), the Supreme Court of Tennessee determined that a child 16 years and 6 months came within the purview of the statute and stated: "It is technically true that one reaches a particular age at a fixed or certain point of time, but, having attained the designated birthday, one's age, as ordinarily alluded to, continues as of the latter birthday until the succeeding one is reached." *Id*. at 572, 227 S.W. at 41.

Our research has disclosed an interesting decision bearing on the question now presented in the case before us. *Phillips v. State*, 588 S.W.2d 378 (Tex. Crim. App. 1979), presented a question whether a child who was 14 years, 1 month, and 5 days old was protected by and was classified as a victim under Tex. Penal Code Ann. § 22.04(a) (Vernon 1974), which prohibited

the offense of intentionally, knowingly, recklessly, or with criminal negligence causing serious bodily injury "to a child who is 14 years of age or younger." The Texas court reasoned:

> [Phillips] contends . . . the phrase "14 years of age" to mean one who has reached his fourteenth birthday, but that thereafter he was over fourteen years of age, even though he had not reached his fifteenth birthday. This interpretation of the statute limits the duration of the protection afforded to fourteen year olds to a period of one day or less. . . .
>
> . . . [T]he old common law rule [is] that a person attains a given age at the last moment of the day preceding the anniversary of birth . . . .
>
> . . . Had the Legislature intended to protect only those children under fourteen years of age, it would have been a simple matter for them to have so provided by the use of the phrase "younger than." To say that the Legislature deviated from the use of the phrase "younger than ____ years of age" used in the other statutes . . . so as to include a class of people who were injured only on their birthdate does not make sense. . . .
>
> We hold that Sec. 22.04(a) includes in its protection all children who have not attained their fifteenth birthday, and that the victim in this case was thus protected.

588 S.W.2d at 380.

In *Canada v. State*, 589 S.W.2d 452 (Tex. Crim. App. 1979), the court, relying on *Phillips v. State, supra*, found that the phrases "less than fifteen years of age" and "fourteen years of age or under" were identical in meaning. 589 S.W.2d at 454.

Carlson, as well as the cases on which Carlson relies, concedes that only those who have passed or attained an age beyond their 14th birthday are excluded from the protection of § 28-320.01. Were Carlson's construction accepted, the protection of § 28-320.01 would exist for those under the age of 14 years and would extend to persons during the whole of the 14th anniversary of their birth, that is, would extend to the entire course of the 14th birthday itself. Not only would such construction create a very strange class—persons protected on and throughout their 14th birthday—but would next lead to an

argument that the statute's protection does not extend beyond that time on a victim's birthday corresponding with the precise moment at which a victim was born. Section 28-320.01 cannot be so honed to deal in nanoseconds of a victim's age.

If "less than fourteen years of age" or "under fourteen years of age" had been used in § 28-320.01, the protection of that statute would terminate when a child reached the 14th birthday. Because "less than" or "under" is absent from § 28-320.01, while "fourteen years of age or younger" appears in the statute, the compelled logical conclusion is that the statute's protection extends into and throughout the year immediately following a person's 14th birthday. When the plain and unambiguous language of § 28-320.01 is considered, see, *Sorensen v. Meyer*, 220 Neb. 457, 370 N.W.2d 173 (1985), and *Kellogg Company v. Herrington*, 216 Neb. 138, 343 N.W.2d 326 (1984), to the ordinary person "fourteen years of age" means that one has passed the 14th birthday but has not reached the 15th birthday. Thus, "fourteen years of age" is a temporal condition existing on the 14th birthday and continuing until the 15th birthday. Any other construction of "fourteen years of age" would be a perversion of popular parlance.

Therefore, we hold that the phrase "fourteen years of age or younger," as presently used in § 28-320.01, designates persons whose age is less than or under 14 years, and also designates persons who have reached and passed their 14th birthday but have not reached their 15th birthday. For this reason the district court's orders sustaining Carlson's pleas in abatement and dismissing the proceedings were in error. The exceptions are sustained and the cause is remanded to the district court for further proceedings.

EXCEPTIONS SUSTAINED, AND CAUSE REMANDED
FOR FURTHER PROCEEDINGS.