REQUESTED BY: Charles A. Kandt, Lincoln County Attorney
1: Whether under LB 599, should the Clerk of the District Court apply all arrearage collections to arrears accrued after termination of Aid to Dependent Children payments and disburse them to the court ordered payee prior to reimbursing the Department, or should the court ordered payee only be given first priority on arrearages that accrued both after termination of Aid to Dependent Children payments and after September 1, 1987?
2: If LB 599 does not give first priority to all arrears accrued after Aid to Dependent Children payments have stopped, is September 1, 1987, the appropriate cutoff date?
The Clerk of the District Court should apply all arrearage collections to arrears which have accrued after termination of Aid to Dependent Children payments and disburse them to the court ordered payee prior to reimbursing the Department.
LB 599 gives priority to court ordered payees for arrearages accrued after termination period, the September 1, 1987, date is not applicable since that date is not mentioned in the statute. Arrearages are referred to in terms of ADC termination only.
Neb.Rev.Stat. § 43-512.07 as amended by LB 599 states in part:
 ". . . the clerk of the district court shall continue to transmit to the department any support payments received on arrearages in excess of the amount of support ordered for that specific calendar period, until . . . paid in full . . . except that any amount of support arrearages accrued after termination of aid to dependent children payments shall be paid first by the clerk, to the person to whom support is due before any reimbursement is made to the department."
We feel that the above portion of the statute makes it clear that the payees under a court order shall have priority to payments made in excess of current support to be applied to arrearages which accrued after termination of ADC benefits. Further, we feel that it is clear that after the post ADC arrearage has been paid to the court ordered payee that the Department is next in priority until the debt is paid in full with any remaining arrearages owed to the payee next in line.
The language in the statute is so clear that there is no occasion for construction. Statutory language should be given its plain and ordinary meaning; where words of a statute are plain, direct, and unambiguous, no interpretation is necessary to ascertain the meaning of language in a statute. Midwest Messenger Association v. Spire, 223 Neb. 748,393 N.W.2d 438; State v. Clarkson, 223 Neb. 874, 394 N.W.2d 669. The Supreme Court is not free to read a meaning into a statute that is not there, nor to read anything direct and plain out of a statute. State v. Schulz, 221 Neb. 473,378 N.W.2d 165.
In summary, it is our opinion that the following priority sequence results when the statute is given its plain and ordinary meaning: First Priority — current support. Second Priority — arrearage accruing to court ordered payee after termination of ADC benefits. Third Priority — state debt until paid. Fourth Priority — arrearages of court ordered payee which occurred prior to termination of ADC benefits.
Sincerely,
ROBERT M. SPIRE Attorney General
Royce N. Harper Assistant Attorney General