REQUESTED BY: Michael Heavican Lancaster County Attorney
Question 1: The language of LB 599 states that any amount of support arrearages that accrued after termination of aid to dependent children payments shall be paid first by the clerk to the person to whom support is due before any reimbursement is made to the department. If, at the time a payee stops receiving ADC benefits the total amount of arrearages owed is greater than the ADC lien filed by the Department, what is the priority of payments under the statute?
Question 2: If a payor's obligation (which is considered delinquent if not paid in 30 days) comes due on August 15th would the payor's obligation be affected by the new language which was effective August 31st, 1987?
Conclusion 1: After current support is paid, any arrearages accrued after ADC termination would have first priority and be paid to the payee. The Department would have second priority to receive arrearages accrued prior to or while the payee was receiving ADC benefits up to the amount of the state debt. Any remaining arrearages thereafter would go to the payee.
Conclusion 2: Even though the payors obligation is not delinquent until September 15th, his obligation for payment is continuing from August 15th forward. So, any payment made by the obligor would first be applied to current support, and any excess first to post-ADC termination arrearages, then to the state, and then to pre-AFDC termination arrearages.
Your letter stated that the above language could be interpreted to read that the payee is to receive all arrearages owed before payments on the ADC lien are made. You further indicated that such an interpretation has some support in Legislative History. Comments by Senator Vard Johnson during floor debate did address the subject of application of payments. He stated, "In other words, the woman gets the benefit first, and her children get the benefit first of the collection of arrearages after she is off ADC rolls, and then the Nebraska Department of Social Services gets reimbursed for whatever ADC was paid while she was on the ADC rolls." LB 599; Floor Debate; Ninetieth Legislature, First Session, May 6, 1987 pp. 4830-4832 (Emphasis supplied.)
In our opinion the above comment is possibly subject to two different interpretations if we look at the Legislative history (1) that the payee is to get the arrearages that accrue after ADC termination with the Department next in line or (2) that the payee get all the arrearage (post and pre-ADC termination) before the Department is paid on its ADC lien. We are aware, as were you, that following the above comment Senator Johnson summarized or editorialized in a postscript remark, ". . . women and children who were once on ADC shall first be paid to satisfy arrearages and then to the Department of Welfare (Social Services) to satisfy arrearages." Although we also feel that the summarizing statement is open to two different interpretations, we do not feel that it is necessary to speculate as to legislative intent from the floor debate. The reason is the pertinent language of LB 599 is clear and unambiguous on its face. The language is "except that any amount of support arrearages that accrued after termination of aid to dependent children payments shall be paid first by the clerk to the person to whom support is due before any reimbursement is made to the department."
It is our opinion that "accrued after termination" means just what it says and that the statute is unambiguous. We feel that the above portion of the statute makes it clear that the payees under a court order shall have priority to payments made in excess of current support to be applied to arrearages that accrued after termination of ADC benefits. Further, we feel that it is clear that after the post ADC arrearage has been paid to the court ordered payee that the Department is next in priority until the debt is paid in full with any remaining arrearages owed to the payee next in line.
The language in the statute is so clear that there is no occasion for construction. Statutory language should be given its plain and ordinary meaning; where words of a statute are plain, direct, and unambiguous, no interpretation is necessary to ascertain the meaning of language in a statute. Midwest Messenger Association v. Spire, 223 Neb. 748,393 N.W.2d 438; State v. Clarkson, 223 Neb. 874, 394 N.W.2d 669. The Supreme Court is not free to read a meaning into a statute that is not there, nor to read anything direct and plain out of a statute. State v. Schulz, 221 Neb. 473,378 N.W.2d 165.
In summary, it is our opinion that the priority sequence is as follows: 1) current support and arrearages accruing to court ordered payee after ADC termination 2) the state debt until paid and 3) arrearages of the court ordered payee which occurred prior to termination of ADC benefits.
In regard to your second question as to the situation where a payors obligation becomes due on August 15th, we feel that the effective date of the statute, August 31, 1987, is not pertinent to the issue of application of payments to current support and arrearages. LB 599 does not separate arrearages before or after the effective date of the statute. Arrearages are referred to only as those accrued after the date of ADC termination, not those accrued before or after August 31, 1987.
Respectfully Submitted,
ROBERT M. SPIRE Attorney General
Royce N. Harper Assistant Attorney General