RALPH WARNER HOWE ET AL., APPELLANTS, V. CLARA BLOMENKAMP ET AL., APPELLEES.

FILED JANUARY 24, 1911.  No. 16,258.

1. Guardian and Ward: SALE OF LAND: OATH. The statute requiring a guardian to take and subscribe an oath before fixing the time and place for the sale of his ward's land is mandatory, and a sale made without compliance therewith is void. Comp. St. 1909, ch. 23, secs. 55, 89; *Card v. Deans,* 84 Neb. 4.

2. **Limitation of Actions:** Quieting Title to Homestead: Suit by Heir. A suit by an heir to quiet his title to the homestead of his ancestor may be commenced any time within ten years after the cause of action accrues, or within ten years after he attains majority. *Holmes v. Mason,* 80 Neb. 448.

3. **Guardian and Ward:** Void Sale: Estoppel. In a suit by an heir to quiet his title to the homestead of his ancestor, defendant claiming title through a void sale by a guardian of plaintiff, the latter, who did not receive any of the proceeds of the void sale, is not estopped by a settlement with another guardian from assserting title to the homestead, where the settlement related alone to funds arising from a pension.

APPEAL from the district court for Adams county: HARRY S. DUNGAN, JUDGE. *Reversed.*

*Tibbets, Morey & Fuller,* for appellants.

*J. W. James* and *Karl D. Beghtol, contra.*

ROSE, J.

Plaintiffs have appealed from a decree dismissing their suit to quiet title. The land described in the petition is an 80-acre tract in Adams county. While George W. Howe owned and occupied it as a homestead with his wife and seven minor children, he died intestate November 2, 1880. At that time its value was less than $2,000. The plaintiffs, Ralph Warner Howe and Victor Edmond Howe, are sons of the decedent, and claim an undivided seventh interest each in the land, the widow having died in November, 1906. The other children claim no interest in the land. A guardian for plaintiffs was appointed by the county court of Adams county December 13, 1890. For the alleged purpose of investing the proceeds for their benefit, the land was sold at guardian's sale June 6, 1891. Failure of the guardian to take and subscribe the statutory oath before fixing the time and place of sale, other defects in the proceedings and fraud are pleaded to show that the guardian's sale is void. The principal defendants are the widow and the heirs of John H. Blomenkamp, and

they claim title through mesne conveyances from the purchaser at the guardian's sale. Two of Bloomenkamp's mortgagees are also defendants. The defenses summarized by defendants are: "(1) That the guardian's sale was not absolutely void but voidable only; (2) being voidable only, that the statute of limitations had run against the rights of plaintiffs; (3) that the wards are by their own acts in settling with their guardian estopped from maintaining this suit."

1. The statute requires a guardian, before fixing the time and place of sale, to take and subscribe an oath in substance "that in disposing of the real estate which he is licensed to sell he will exert his best endeavors to dispose of the same in such manner as will be most for the advantage of all persons interested." Comp. St. 1909, ch. 23, secs. 55, 89. The judicial record in evidence shows that the land was sold by the guardian June 6, 1891, and that the oath was not taken until June 8, 1891. The requirements of the statute in this respect were therefore disregarded. The guardian's failure to take and subscribe the necessary oath within the time prescribed by statute made the sale absolutely void, according to the rule announced in three former decisions. *Bachelor v. Korb,* 58 Neb. 122; *Levara v. McNeny,* 5 Neb. (Unof.) 318, 73 Neb. 414; *Card v. Deans,* 84 Neb. 4. Consideration of other defects and of the charges of fraud are therefore unnecessary.

2. The next defense is that plaintiffs did not bring suit within five years after attaining majority, and that consequently the action is barred by the statute of limitations. Comp. St. 1909, ch. 23, secs. 117, 118. This statute does not apply to a void sale of the property of a ward, and the rule applicable here is: "An action by an heir to quiet his title to the homestead of his ancestor may be maintained at any time within ten years after his right of action accrues, or the attainment of his majority." *Holmes v. Mason,* 80 Neb. 448. Under this rule the action is not barred.

**3.** The defense that plaintiffs are estopped by their settlement with their guardian is also futile. It is shown by the record that they did not receive any of the proceeds of the guardian's sale. The settlement relied upon as an estoppel was made with a curator in Missouri and related alone to funds arising from a pension. It is too plain for argument that plaintiffs were not thus estopped from asserting their right to the land inherited from their father.

On the face of the record, plaintiffs were clearly entitled to a decree quieting their title and the suit was erroneously dismissed. The judgment is therefore reversed and the cause remanded for further proceedings.

REVERSED.