RYLAND HOBSON, ETC., *v.* POSTAL TELEGRAPH-CABLE COMPANY.

(*Knoxville*, September Term, 1930.)

Opinion filed November 28, 1930.

JOE V. WILLIAMS, for plaintiff in error.

WILLIAMS &. FRIERSON, for defendant in error.

MR. JUSTICE McKINNEY delivered the opinion of the Court.

Ryland Hobson, by next friend, instituted this suit to recover damages resulting from a collision between a motorcycle, which he was riding while acting as a messenger for the postal company, and an automobile.

It was charged that Hobson was unlawfully employed by the postal company, and in violation of chapter 57, Acts of 1911, and amendatory acts. Said act makes it unlawful to employ children "between the ages of fourteen and sixteen years." Hobson, at the time of his injury, was sixteen years and eleven months of age. The trial court very correctly sustained a demurrer to the declaration. The words "between the ages of fourteen and sixteen years" would not apply to the plaintiff in error.

The word "between" is thus defined by Webster: "In the space which separates; betwixt."

And with respect to its meaning, it is said in 7 Corpus Juris, 1148: "Strictly, when used with reference to a period of time bounded by two other specified periods of time, the periods of time named as boundaries are excluded."

The word between, when used in speaking of time "between" two certain days, generally excludes the days designated as the commencement and termination of such periods. Words & Phrases (First Series), vol. 1, 766.

A statute prohibiting the sale of liquor "between the hours of eleven P. M. and five o'clock A. M." means the period intervening between eleven o'clock night, and five

o'clock morning of the succeeding day. *Hedderich* v. *State* (Ind.), 51 Am. Rep., 768.

An act providing for the education of children "between and including" the ages of seven and fifteen years does not apply to children who have reached their fifteenth year. *Jackson* v. *Mason,* 145 Mich., 338.

The case under consideration is easily distinguishable from *Covel* v. *State,* 143 Tenn., 571, where the language construed was "between the ages of seven and sixteen years, inclusive." In that case the court said: "But, if interpretation were necessary, it is found that the meaning of the word 'inclusive' is defined in Webster's International Dictionary to be:

" 'Inclosing, encircling; (2) comprehending the stated limit or extremes; as from Monday to Saturday, inclusive, that is, taking in both Monday and Saturday.'

"Hence the use of the word in the statute clearly denotes the intent to comprehend the full period of a child's sixteenth year."

It is inferable from what was said in that case that but for the adding of the word "inclusive" the court would have held that the phrase did not include a child sixteen years of age. The legislature evidently intended that the phrase involved should be given its ordinary and natural meaning, for when it subsequently enacted the compulsory school law with the intention that it should apply to children sixteen years of age it added the word "inclusive."

There is no error in the judgment of the trial court, and it will be affirmed.