WILLIAM LAWSON, APPELLANT, V. FORD MOTOR COMPANY, APPELLEE.

408 N.W.2d 256

Filed June 26, 1987.   No. 85-649.

George H. Moyer, Jr., of Moyer, Moyer, Egley & Fullner, for appellant.

Gerald L. Friedrichsen of Fitzgerald & Brown, and John M. Thomas, for appellee.

KRIVOSHA, C.J., BOSLAUGH, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

CAPORALE, J.

Plaintiff-appellant, William Lawson, appeals from the summary judgment dismissing his action against defendant-appellee, Ford Motor Company. While Lawson's five assignments of error include constitutional challenges to Neb. Rev. Stat. § 25-224(2) (Reissue 1985), which bans product liability suits not commenced within 10 years after the product was first sold for use, they present the single question of whether the trial court erred in concluding that his action was time barred. Since we conclude the trial court misapplied the statute, we reverse and remand the cause for further proceedings without reaching the constitutional issues.

On June 11, 1978, Lawson was involved in a collision while driving a truck manufactured by Ford and first sold for use in 1966. Lawson was born on October 25, 1959, and filed this suit

on June 9, 1982, alleging, among other things, that the gasoline tank on the truck was unreasonably dangerous because of the manner in which Ford designed, manufactured, and installed it.

Section 25-224(4) provides that notwithstanding the 10-year ban imposed by § 25-224(2), "any cause of action or claim which any person may have on July 22, 1978, may be brought not later than two years following such date."

The foregoing 2-year period of limitation, however, is extended by Neb. Rev. Stat. § 25-213 (Reissue 1979). See *Macku v. Drackett Products Co.*, 216 Neb. 176, 343 N.W.2d 58 (1984), discussed later in this opinion. Section 25-213 provides in relevant part that

> if a person entitled to bring any action mentioned in this chapter [25] . . . be, at the time the cause of action accrued, *within the age of twenty years*, insane or imprisoned, every such person shall be entitled to bring such action within the respective times limited by this chapter after such disability shall be removed . . . .

(Emphasis supplied.)

Since the collision occurred on June 11, 1978, Lawson had his cause of action "on July 22, 1978." On the day Lawson brought this suit he was 22 years and 227 days old. The controlling question therefore is whether that age falls inside the 2-year period from the time Lawson ceased being "within the age of twenty years."

The task is one of determining the meaning of the phrase "within the age of twenty years." There are a number of well-established rules applicable to the performance of that task. The first of these is that we do not resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous. See, *State v. Carlson*, 223 Neb. 874, 394 N.W.2d 669 (1986); *Galyen Petroleum Co. v. Svoboda*, 222 Neb. 268, 383 N.W.2d 49 (1986); *Sorensen v. Meyer*, 220 Neb. 457, 370 N.W.2d 173 (1985). Recognition that legislators typically vote on the language of a bill generally requires this court to assume that the legislative purpose is expressed by the ordinary meaning of the words used, *Amoco Production Co. v. Village of Gambell, Alaska*, _____ U.S. _____, 107 S. Ct. 1396,

94 L. Ed. 2d 542 (1987); thus, in the absence of anything indicating to the contrary, statutory language is to be given its plain and ordinary meaning. *State v. Burke, ante* p. 625, 408 N.W.2d 239 (1987); *State v. Carlson, supra; Midwest Messenger Assn. v. Spire,* 223 Neb. 748, 393 N.W.2d 438 (1986). Finally, it is not within the province of this court to read a meaning into a statute which is not warranted by the legislative language; neither is it within the province of this court to read anything plain, direct, and unambiguous out of a statute. *Sorensen v. Meyer, supra.*

The word "within" indicates enclosure or containment, as in "his heart sank within him." It means "inside of," such as in "the water is stored within the soil." Webster's Third New International Dictionary, Unabridged 2627 (1981). Thus, one is "within the age of twenty years" until he or she becomes 21 years old. Accordingly, Lawson had 2 years from October 25, 1980, or through October 24, 1982, during which to institute his action. Since this action was commenced prior to October 24, 1982, it is not time barred.

While at first blush it might appear that the statute has been construed otherwise in the past, such is not in fact the case. In the early cases which discuss the attainment of majority, the ages of the children involved were so well within the time periods that it was not necessary for the opinions to expressly construe the word "within" as it operates in § 25-213. *Howe v. Blomenkamp,* 88 Neb. 389, 129 N.W. 539 (1911); *Albers v. Kozeluh,* 68 Neb. 529, 97 N.W. 646 (1903) (syllabus point in opinion upon rehearing). See, also, *Holmes v. Mason,* 80 Neb. 448, 114 N.W. 606 (1908) (silent as to ages of children involved).

The foregoing analysis of the meaning of "within" comports with our holding in *State v. Carlson, supra,* which rules that the phrase "fourteen years of age or younger," as used in Neb. Rev. Stat. § 28-320.01 (Reissue 1985), includes those persons who have not reached their 15th birthday. We are not unmindful of the fact that in *Hatfield v. Bishop Clarkson Memorial Hosp.,* 679 F.2d 1258 (8th Cir. 1982), the federal circuit court, in holding that § 25-213 tolled the application of Neb. Rev. Stat. § 25-222 (Reissue 1985) (which establishes time bars for professional negligence actions), said that the 13-year-old

plaintiff could bring the action which accrued while "she was under 20 years of age" at any time "before she reached age 20 or within two years thereafter." 679 F.2d at 1264. That dictum, stated before our decision in *Carlson*, does not, however, correctly reflect Nebraska law. *Macku v. Drackett Products Co.*, 216 Neb. 176, 343 N.W.2d 58 (1984), in answer to a specific question certified to us by the U.S. Court of Appeals for the Eighth Circuit, ruled that § 25-213 tolls the running of the 2-year provision of § 25-224(4) in cases brought during a plaintiff's infancy. It is to be noted, however, that the question posed in *Macku* concerned itself only with whether an infant was required to commence an action not later than 2 years following July 22, 1978. That is different than asking the meaning of the phrase "within the age of twenty years."

Ford argues that when read in the context of the subsequent language in § 25-213, "such disability," the questioned phrase must necessarily be interpreted as in effect reading "an infant." It is Ford's claim that only infancy compares to the other designated disabilities.

However, the foregoing argument is unsound; "such disability" simply refers to the conditions previously mentioned in the sentence, that is, being within 20 years of age, being insane, or being imprisoned. We recognize that the caption to § 25-213 reads: "Actions by infants, persons insane or imprisoned; tolling of limitation." Such a heading, caption, or catchline is supplied in the compilation of the statutes and does not constitute any part of the law. *State v. Holmes*, 221 Neb. 629, 379 N.W.2d 765 (1986); Neb. Rev. Stat. § 49-802(8) (Reissue 1984). See, also, *Cosentino v. City of Omaha*, 186 Neb. 407, 183 N.W.2d 475 (1971). Neb. Rev. Stat. § 38-101 (Reissue 1984) states all persons "under nineteen years of age are declared to be minors; but in case any person marries under the age of nineteen years his minority ends." Thus, minority, or infancy, depends not only upon one's age but upon one's marital status. Section 25-213 concerns itself only with age; it makes no reference to marital status. Thus, the tolling of chapter 25 periods of limitation is tied to the plaintiff's age, not to his or her status as an infant.

The judgment of dismissal is erroneous and is therefore

reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.

WHITE, J., not participating.

BOSLAUGH, J., dissenting.

The statute involved in this case, Neb. Rev. Stat. § 25-213 (Reissue 1979), dates back to territorial days. It was a part of the Code of Civil Procedure adopted in 1866. See Rev. Stat. tit. II, § 17 (1866). It has existed in substantially its present form since that time. Its purpose is to extend the time in which a person under disability may bring certain actions. It provides that such a person may bring such an action "within the respective times limited by this chapter *after such disability shall be removed . . . .*" (Emphasis supplied.)

The disability we are concerned with in this case is infancy or minority. In 1969 the age of majority was reduced to 20 years. 1969 Neb. Laws, ch. 298, § 1, p. 1072. In 1972, the age stated in § 25-213 was reduced to 20 years. 1972 Neb. Laws, L.B. 1049. According to its title, one purpose of L.B. 1049 was to harmonize the provisions of the laws amended with previous legislation.

I agree that § 25-213 should be given its plain and ordinary meaning. That meaning is that *the disability referred to is removed when the person reaches the age of 20 years*, not 1 year after reaching that age.

In *Albers v. Kozeluh*, 68 Neb. 529, 97 N.W. 646 (1903) (opinion on rehearing), in discussing when an action might be brought, the opinion states at 533-34, 97 N.W. at 647:

> An examination of the record discloses that at the time the foreclosure proceedings were had on which the sheriff's deed in question is based, Stately's wife was an inmate of the insane asylum, and his children were all minors. It further appears that the oldest child did not reach the age of majority until some time in the year 1888, and, of course, the others became of age, in turn, much later. This action was commenced in the latter part of 1897, and ten years had not elapsed after the statute of limitations began to run and before it was commenced. Therefore the action was begun in time.

Syllabus No. 3 to that opinion provides: "The statute of limitations, as to adverse possession, does not run against persons while under disability, such as minors; and an action brought to recover an interest in real estate within ten years after they arrive at the age of majority, is commenced in time." (Syllabus of the court.) *Id.*

In *Holmes v. Mason*, 80 Neb. 448, 450-51, 114 N.W. 606, 607 (1908), this court said:

> The statute of limitations as to each of the several defendants commenced to run when he arrived at his majority. So as to the defendants who were more than ten years past their majority at the time this action was commenced the bar of the statute of limitations was complete.

In *Howe v. Blomenkamp*, 88 Neb. 389, 391, 129 N.W. 539, 540 (1911), this court said:

> The next defense is that plaintiffs did not bring suit within five years after attaining majority, and that consequently the action is barred by the statute of limitations. Comp. St. 1909, ch. 23, secs. 117, 118. This statute does not apply to a void sale of the property of a ward, and the rule applicable here is: "An action by an heir to quiet his title to the homestead of his ancestor may be maintained at any time within ten years after his right of action accrues, or the attainment of his majority." *Holmes v. Mason*, 80 Neb. 448. Under this rule the action is not barred.

In *Hughes v. Langdon*, 111 Neb. 515, 520, 199 N.W. 832, 833-34 (1924) (opinion on rehearing), this court said:

> Therefore, the only disability under which he is shown to have stood at the time of the discharge of the guardian was that of minority. This was removed when he became of the age of 21 in the year 1906, and this we find to be the correct date of the removal of his disability as affecting this suit.

In *Hatfield v. Bishop Clarkson Memorial Hosp.*, 679 F.2d 1258, 1264 (8th Cir. 1982), *on reconsideration* 701 F.2d 1266 (8th Cir. 1983), the court said, in construing § 25-213: "Plaintiff's cause of action accrued while she was under 20 years of age. Under section 25-222 as modified by section 25-213, she could bring this action at any time before she

reached age 20 or within two years thereafter."

*State v. Carlson*, 223 Neb. 874, 394 N.W.2d 669 (1986), involved a different problem involving different language. It has no application to the facts of this case.

The phrase "within the age" has been in the statute for more than 100 years. It has been construed to mean during the disability or period of minority. So far as I have been able to discover, until this case, it has never been construed to mean anything else.

The plain meaning of § 25-213 is that "within the age of twenty years" means before reaching the age of 20 years. As we said recently in *Macku v. Drackett Products Co.*, 216 Neb. 176, 183, 343 N.W.2d 58, 62 (1984), "*Section 25-213, suspending the statute of limitations during Amy's infancy*, exists for the exclusive and personal benefit of Amy Macku . . . ." (Emphasis supplied.)

The judgment should have been affirmed.