JAMES H. MONAHAN, APPELLANT AND CROSS-APPELLEE, V. SCHOOL DISTRICT NO. 1 OF DOUGLAS COUNTY, NEBRASKA, ALSO KNOWN AS OMAHA PUBLIC SCHOOLS, APPELLEE AND CROSS-APPELLANT.

425 N.W.2d 624

Filed July 8, 1988.   No. 87-890.

William L. Monahan for appellant.

Barbara E. Person and John P. Heil, of Baird, Holm, McEachen, Pedersen, Hamann & Strasheim, and Robert M. Spire, Attorney General, and Harold I. Mosher for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ., and ENDACOTT, D.J.

HASTINGS, C.J.

Plaintiff-appellant, James H. Monahan, filed this special education action with the State Department of Education, pursuant to Neb. Admin. Code tit. 92, ch. 55 (1985), contending his son Daniel J. Monahan is entitled to remain in special education programs conducted by the defendant-appellee school district until his 22d birthday. An education department hearing officer dismissed the petition, Daniel having reached the age of 21 years. The district court for Douglas County, following an appeal under Neb. Rev. Stat. § 43-666 (Reissue 1984) (recodified at Neb. Rev. Stat. § 79-3354 (Supp. 1987)), affirmed, but permitted Daniel to stay in school pending the resolution of this appeal filed by James Monahan. The school district has cross-appealed.

Plaintiff assigns as error: (1) The judgment of the district court was not sustained by the evidence and was contrary to law; (2) the court erred in not finding that 20 U.S.C. § 1412(2)(B) (1982), Neb. Rev. Stat. § 43-646 (Reissue 1984) (recodified at Neb. Rev. Stat. § 79-3315 (Supp. 1987)), and Neb. Const. art. VII, § 1, require that handicapped students

remain in school district special education programs until their 22d birthday; and (3) the court erred in failing to find that a part of the Rehabilitation Act of 1973, 29 U.S.C. § 794 (1982), requires that school districts using federal funds for the education of persons over 21 years of age provide education for handicapped persons over 21 years of age.

The school district claims on cross-appeal that the district court erred in failing to rule that the automatic stay under 20 U.S.C. § 1415(e)(3) (1982), § 43-666(3), or Neb. Admin. Code tit. 92, ch. 55, § 010 (1985), was inapplicable and did not require the school district to maintain Daniel's educational placement beyond his 21st birthday regardless of the appeal.

Because the facts are not in dispute and we are faced only with a question of law, we have an obligation to reach a conclusion independent from the conclusion reached by the trial court. *Boisen v. Petersen Flying Serv.*, 222 Neb. 239, 383 N.W.2d 29 (1986).

The facts necessary to understand the problem are set out in the narration which follows. Daniel Monahan, born February 16, 1966, is multihandicapped. He attends Spring Lake School, operated by the defendant school district.

This action began as a special education hearing brought pursuant to § 1415 (1982 & Supp. IV 1986), Neb. Rev. Stat. § 43-661 (Cum. Supp. 1986) (recodified at Neb. Rev. Stat. § 79-3349 (Supp. 1987)), and Neb. Admin. Code tit. 92, ch. 55 (1985), before the Nebraska Department of Education. James Monahan brought this action on behalf of his son Daniel against the school district, alleging that Daniel should be entitled to receive a free appropriate public education until he reaches his 22d birthday. The petition was dated February 4, 1987, 12 days before Daniel's 21st birthday.

On March 10, 1987, a hearing was held before hearing officer W. Russell Bowie. He found no authority for the district to provide special education programs beyond a student's 21st birthday, citing § 1412(2)(B), § 43-646 ("to age twenty-one"), Neb. Const. art. VII, § 11 ("under the age of twenty-one years"), and Neb. Admin. Code tit. 92, ch. 51, § 011.02B4 (1983) ("until the student's twenty-first birthday"). The order also relied upon two Nebraska statutes which have since been

repealed: Neb. Rev. Stat. § 43-601 (Reissue 1984) (repealed April 8, 1987) ("not to exceed twenty-one years of age") and Neb. Rev. Stat. § 43-629 (Reissue 1984) (repealed April 8, 1987) ("children who do not exceed twenty-one years of age").

On September 11, 1987, the district court issued a memorandum order in which it affirmed the findings of the hearing officer and dismissed the petition. The plaintiff filed an amended motion for a new trial, to which the court responded by allowing Daniel to remain in school pending the outcome of this litigation. The court did not rule on the plaintiff's contentions under § 794 of the Rehabilitation Act of 1973, and refused to hear arguments on the statute.

In Nebraska, the school district's duty to provide special education programs to handicapped students arises under Neb. Rev. Stat. § 43-641 (Cum. Supp. 1986) (recodified as amended at Neb. Rev. Stat. § 79-3320 (Supp. 1987)), which provides in pertinent part: "It shall be the duty of the board of education of every school district to provide or contract for special education programs and transportation for all resident children who would benefit from such programs." The term "children" is defined in § 43-646, which provides in relevant part: "This act shall apply to any children *from* the date of diagnosis or the date of notification of the resident school district *to age twenty-one*." (Emphasis supplied.)

We have explained the correlation between federal and state law in the area of special education.

> The laws governing the educational rights of the handicapped are found in both federal and state law. The Education for All Handicapped Children Act of 1975 (the Act), 20 U.S.C. §§ 1401 et seq. (1976), represents the federal body of law, and the care and education of handicapped children is provided for in Neb. Rev. Stat. §§ 43-601 et seq. (Reissue 1978) on the state level. The Act is a funding statute under which the federal government supplies financial assistance to the states for the education of handicapped children. By accepting these funds the state implicitly agrees to meet certain criteria and requirements.

*Adams Central School Dist. v. Deist*, 214 Neb. 307, 314, 334

N.W.2d 775, 780 (1983), *cert. denied* 464 U.S. 893, 104 S. Ct. 239, 78 L. Ed. 2d 230.

Appellant makes much of the language of § 1412(2)(B) regarding qualification for federal assistance under the education of the handicapped act. Under the statute, the state must demonstrate that it has developed a plan assuring

> a free appropriate public education will be available for all handicapped children between the ages of three and eighteen within the State not later than September 1, 1978, and for all handicapped children *between the ages of three and twenty-one* within the State not later than September 1, 1980, *except that, with respect to handicapped children* aged three to five and *aged eighteen to twenty-one, inclusive, the requirements of this clause shall not be applied in any State if the application of such requirements would be inconsistent with State law or practice, or the order of any court, respecting public education within such age groups in the State* . . . .

(Emphasis supplied.)

The word "inclusive" tends to require that students be educated until they reach their 22d birthday. Yet this language is immediately followed by a provision deferring a decision on age restrictions to the states. This is made clear in 34 C.F.R. § 300.122 (1987). The requirement that free appropriate education be made available to all handicapped children age 3 through 21, § 300.122(a),

> does not apply to a State with respect to handicapped children aged three, four, five, eighteen, nineteen, twenty, or twenty-one to the extent that the requirement would be inconsistent with State law or practice, or the order of any court, respecting public education for one or more of those age groups in the State.

§ 300.122(c).

An additional indication of the state's right to decide against providing educational services to handicapped students beyond their 21st birthdays appears at 34 C.F.R. § 300.300(b)(5) (1987):

> A State is not required to make a free appropriate public education available to a handicapped child in one of these

age groups [3, 4, 5, 18, 19, 20, or 21] if:

(i) State law expressly prohibits, or does not authorize, the expenditure of public funds to provide education to nonhandicapped children in that age group; or

(ii) The requirement is inconsistent with a court order which governs the provision of free public education to handicapped children in that State.

Because the code section of title 20 contains an immediate disclaimer, it is clear that the Nebraska statute in question is not in violation of a federal law or provision of the federal Constitution.

We are thus faced with the matter of determining the meaning of the phrase "to age twenty-one" within the meaning of § 43-646. "[W]e do not resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous." *Lawson v. Ford Motor Co.*, 225 Neb. 725, 727, 408 N.W.2d 256, 258 (1987). Words used should be given their ordinary meaning.

The word "to" should be read as "until." Random House defines "to" in part as follows: "(5) (used for expressing a point of limit in time) before; until: [i.e.] We work from nine to five." The Random House Dictionary of the English Language, College Edition 1380 (1968).

Legislative history shows that § 43-646 was amended in 1976 to change the upper age limit from 18 to 21. 1976 Neb. Laws, L.B. 761.

Furthermore, Neb. Const. art. VII, § 1, does not use the term "inclusive" but, rather, states "between . . . five and twenty-one." "Between" defines the space or time which separates two events, just as " 'between the ages of fourteen and sixteen years' " excludes a youth who is 16 years and 11 months of age. *Hobson, etc., v. Postal Tel., etc., Co.*, 161 Tenn. 419, 420, 32 S.W.2d 1046 (1930).

Regulatory implementation of § 43-646 has been adopted by the State Board of Education and approved by the Attorney General and the Governor of the State of Nebraska. A provision of the Nebraska Administrative Code implementing the legislation of § 43-646 provides: "Reimbursement authorized under this Chapter shall be limited to those

handicapped children *from age five to twenty-one. . . .* Effective July 1, 1981, a school district is eligible for reimbursement for a student's special education *until the student's twenty-first birthday.*" (Emphasis supplied.) § 011.02B. It is clear that the age of 21 is reached upon a person's 21st birthday; therefore, the statutory and regulatory provisions of Nebraska law which authorize or authorized free public education for children "to age twenty-one" years, "under the age of twenty-one years," "not to exceed twenty-one years," and to "children who do not exceed twenty-one years of age" exclude such children who have reached their 21st birthday.

If there be any doubt, we are guided by the familiar rule that the construction of a statute by those whose duty it is to enforce the statute, in which construction the Legislature has, by its continued noninterference for a number of years, acquiesced, will be approved unless, as thus construed, it contravenes some provision of the Constitution or is clearly wrong. *International Brotherhood of Electrical Workers v. City of Hastings,* 179 Neb. 455, 138 N.W.2d 822 (1965). The Legislature is presumed to know the construction of its statutes by the executive departments of the state. *Bankers Life Ins. Co. v. Laughlin,* 160 Neb. 480, 70 N.W.2d 474 (1955).

Nor is § 43-646 in violation of the state Constitution. Neb. Const. art. VII, § 1, provides: "The Legislature shall provide for the free instruction in the common schools of this state of all persons *between the ages of five and twenty-one years.*" (Emphasis supplied.)

The Nebraska Constitution was amended in 1976 to provide:

> [T]he Legislature may provide that the state or any political subdivision thereof may contract with institutions not wholly owned or controlled by the state or any political subdivision to provide for educational or other services for the benefit of children *under the age of twenty-one years* who are handicapped, as that term is from time to time defined by the Legislature, if such services are nonsectarian in nature.

(Emphasis supplied.) Neb. Const. art. VII, § 11.

The education in question is to be provided until the child

attains the age of 21, i.e., up to or until the 21st birthday is reached. The Nebraska Constitution, as amended, must be read as a whole. *Banner County v. State Bd. of Equal.*, 226 Neb. 236, 411 N.W.2d 35 (1987). A constitutional amendment becomes an integral part of the Constitution and must be harmonized with all provisions. *Swanson v. State*, 132 Neb. 82, 271 N.W. 264 (1937). Neb. Const. art. VII, §§ 1 and 11, are in harmony because they both impose the age limit of the 21st birthday on the provision of special education services to handicapped students.

The hearing officer additionally relied upon two Nebraska statutes which have since been repealed. Section 43-601 partially provided: "not to exceed twenty-one years of age." Section 43-629 partially provided: "children who do not exceed twenty-one years of age." These statutes reinforced the meaning of "to age twenty-one."

Such an interpretation is entirely consistent with an earlier statement of this court in *Adams Central School Dist. v. Deist*, 214 Neb. 307, 334 N.W.2d 775 (1983). We stated at 325, 334 N.W.2d at 786:

> Turning to the issue of compensatory education, we find no support for the findings of the hearing officer in the relevant law. The [Education for All Handicapped Children Act of 1975, 20 U.S.C. §§ 1401 et seq. (1976)], by its clear and unambiguous language, limits eligibility to children ages 3 to 21. § 1412(2)(B). There is no authority under this statutory scheme by which the hearing officer could grant free appropriate public educational benefits to David beyond his 21st birthday.

Appellant relies upon the case of *State v. Carlson*, 223 Neb. 874, 394 N.W.2d 669 (1986), where we held that the phrase "fourteen years of age or younger" designated persons whose age is less than, or under, 14 years, and also persons who have reached and passed their 14th birthday but have not reached their 15th birthday. This construction resulted in the victims in the case falling within the statute for sexual assault of a child. However, we noted that the phrase "less than fourteen years of age" or "under fourteen years of age" was absent from the statute in general. If "less than" or "under" would have

appeared in the statute, the protection of the statute apparently would have terminated when a child reached the 14th birthday. This case is actually authority for the proposition that "to age twenty-one" does not extend free public education into and throughout the year immediately following a person's 21st birthday, as it may also be construed as "less than" or "under."

This construction is not inconsistent with the holding in *Lawson v. Ford Motor Co.*, 225 Neb. 725, 408 N.W.2d 256 (1987), where we ruled that one is "within the age of twenty years" until he or she becomes 21. "Within" is more encompassing than "to." Statutory age limits employ various prepositional phrases, each of which may result in a different meaning according to the purpose behind the statute. In *Lawson*, the phrase was so construed to allow Lawson to bring a products liability suit. On the day he filed the action, his age of 22 years and 227 days fell inside the 2-year period from the time he ceased being "within the age of twenty years."

The district court refused to hear arguments upon the motion for a new trial on § 794 of the Rehabilitation Act of 1973, as it was not properly before the hearing officer or the district court. It had not been raised at the administrative hearing or in the plaintiff's petition. Ordinarily, we will dispose of a case on appeal on the theory on which it was presented in the lower court. *Thomas v. Lincoln Public Schools*, 228 Neb. 11, 421 N.W.2d 8 (1988). Therefore, we find it unnecessary to deal with plaintiff's third assignment of error.

On cross-appeal, the district alleges that the stay is inapplicable. The stay provision is contained at § 1415(e)(3) and its state counterpart, § 43-666(3). The implementing state regulation is § 010. The procedural safeguard provides: "During the pendency of any proceedings conducted pursuant to this section, unless the State or local educational agency and the parents or guardian otherwise agree, the child shall remain in the then current educational placement of such child . . . ." § 1415(e)(3).

However, inasmuch as we affirm the action of the district court in determining that there was no authority for the school district to provide special education programs for handicapped children beyond a student's 21st birthday, that issue, under the

148

circumstances of this case, becomes moot.

Not considering the school district's cross-appeal, we otherwise affirm the judgment of the district court.

AFFIRMED.