CORNHUSKER CHRISTIAN CHILDREN'S HOME, INC., A NEBRASKA NONPROFIT CORPORATION, ET AL., APPELLEES, V. DEPARTMENT OF SOCIAL SERVICES OF THE STATE OF NEBRASKA ET AL., APPELLANTS.

429 N.W.2d 359

Filed September 23, 1988.   No. 86-691.

Robert M. Spire, Attorney General, and Royce N. Harper for appellants.

Steven G. Seglin, of Crosby, Guenzel, Davis, Kessner & Kuester, for appellees.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, and GRANT, JJ., and COLWELL, D.J., Retired.

HASTINGS, C.J.
Cornhusker Christian Children's Home, Inc. (the Home), plaintiff-appellee, sought and received declaratory and injunctive relief in the district court for Lancaster County. The court declared that the Interstate Compact on Placement of Children (the Compact), Neb. Rev. Stat. § 43-1101 (Reissue 1984), did not apply to the placement of children with a Nebraska child-caring agency by parents residing in other Compact states, and enjoined the enforcement of the regulation against the Home. The defendant Department of Social Services (DSS) appeals from that decree.

The Home is a state-licensed 24-hour residential child-care facility in Nebraska. The Home is licensed to care for 19 children. At the time of trial, about half of the current residents had been placed by parents residing in other states which are parties to the Compact.

The Compact, followed except in New Jersey, Washington, D.C., and Puerto Rico, was adopted in Nebraska in 1974. Since

that time, the Home has received children placed by parents residing in other Compact states without regard to the Compact. However, during the Home's annual license review in November 1985, DSS informed the Home that its license would not be renewed until it complied with the Compact. DSS interpreted the Compact as requiring parents residing in Compact states outside Nebraska to notify DSS before placing their children with a state-licensed agency in Nebraska. DSS would then have the authority to approve the placement, and the State would be notified of the child's presence in the state.

In its second amended petition, the Home requested a declaration, in part, that DSS was in error in applying the terms of the Compact to the placement by a nonresident parent of a child in a licensed institution of this state; that in the event that such interpretation by DSS was proper, article II(b) of the Compact is unconstitutional as it violates the 5th and 14th amendments to the U.S. Constitution and Neb. Const. art. I, § 3, and offends the privileges and immunities clause found in U.S. Const. art. IV, § 2; and that DSS' interpretation of the Compact was arbitrary and capricious and without any rational basis, and therefore was invalid.

Although making an oblique reference to the due process clause of the 14th amendment, the trial court did not rule on that issue, and singularly held and ordered that the Compact did not apply to the placement of children by parents residing in other Compact states and enjoined DSS from enforcing that rule against the Home. Although the assignments of error interposed by DSS are four in number, they address only the holding by the district court that the provisions of the Compact do not apply to the placement of children by parents residing in other Compact states, and the entering of the injunction against DSS. Accordingly, we limit our review to the issues here presented, which eliminates any necessity of our dealing with the constitutional issues.

In an appeal from a declaratory judgment, the Supreme Court, regarding questions of law, has an obligation to reach its conclusion independent from the conclusion reached by the trial court. *Cornhusker Christian Ch. Home v. Dept. of Soc. Servs.*, 227 Neb. 94, 416 N.W.2d 551 (1987). There are no

questions of fact with which we are concerned.

The Compact was created for the purpose of facilitating the placement of children in the most suitable environment available for their needs. Art. I(a). Additionally, the "purpose and policy of the party states" is:

> (b) The appropriate authorities in a state where a child is to be placed may have full opportunity to ascertain the circumstances of the proposed placement, thereby promoting full compliance with applicable requirements for the protection of the child [and]

> (c) The proper authorities of the state from which the placement is made may obtain the most complete information on the basis of which to evaluate a projected placement before it is made.

Art. I(b) and (c).

The Compact then provides conditions for such placements. Art. III. It is the applicability of these conditions which is at issue. The Compact provides in part:

> (a) No *sending agency* shall send . . . into any other party state any child for placement . . . unless the sending agency shall comply with each and every requirement set forth in this article . . . .

> (b) Prior to [such placement], the sending agency shall furnish *the appropriate public authorities* in the *receiving state* written notice of the intention to send, bring, or place the child in the receiving state. . . .

> . . . .

> (d) The child shall not be sent . . . into the receiving state until the appropriate public authorities in the receiving state shall notify the sending agency, in writing, to the effect that the proposed placement does not appear to be contrary to the interest of the child.

(Emphasis supplied.) Art. III(a), (b), and (d). The "receiving state" in this case is, of course, Nebraska. See Art. II(c). "Sending agency" is defined as:

> a party state, officer or employee thereof; a subdivision of a party state, or officer or employee thereof; a court of a party state; *a person*, corporation, association, charitable agency or other entity *which sends, brings, or causes to be*

*sent or brought any child to another party state.*
(Emphasis supplied.) Art. II(b). "The appropriate public authorities" discussed in article III "shall, with reference to this state, mean the Department of Social Services, and said Department shall receive and act with reference to notices required by Article III." Art. X(c).

The trial court based its ruling in the Home's favor on its determination that the Compact's notification requirements were not applicable to placements made by nonresident parents. The court recognized the parents' right to raise (and place) their child without State interference, and found that the Legislature clearly intended not to abridge that right.

DSS argues that, logically, a parent is a "person," and therefore falls within the definition of "sending agency." The Home, however, insists that the Compact language is ambiguous as "it is not clear whether the term 'parent' is included in the term 'person' as referred to in the definition of a 'sending agency'." Brief for appellees at 11.

Our analysis is guided by the following principles: "In the absence of anything indicating to the contrary, statutory language is to be given its plain and ordinary meaning; this court will not resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous." *In re Interest of G.B., M.B., and T.B.*, 227 Neb. 512, 514, 418 N.W.2d 258, 260 (1988); *Niedbalski v. Board of Ed. of Sch. Dist. No. 24*, 227 Neb. 516, 418 N.W.2d 565 (1988); *Dieter v. State*, 228 Neb. 368, 422 N.W.2d 560 (1988); *State v. Carlson*, 223 Neb. 874, 394 N.W.2d 669 (1986). Furthermore, "it is not within the province of this court to read a meaning into a statute which is not warranted by the legislative language; neither is it within the province of this court to read anything plain, direct, and unambiguous out of a statute." *Lawson v. Ford Motor Co.*, 225 Neb. 725, 728, 408 N.W.2d 256, 258 (1987).

The plain and ordinary meaning of "person" certainly includes "parent." See *State ex rel. O'Sullivan v. Heart Ministries, Inc.*, 227 Kan. 244, 247, 607 P.2d 1102, 1105 (1980), in which the Supreme Court of Kansas noted that "sending agency" as used in the Compact "includes private persons." See, also, *People v Keane*, 144 Mich. App. 12, 373 N.W.2d 228

(1985), in which the Michigan Court of Appeals suggested in dicta that the Compact would cover out-of-state placements by parents. There is nothing within the Compact to indicate that, for the purposes of this statute, parents are not persons, and in the absence of such an indication, we should not construe the language to eliminate parents from the class of persons. "In construing a statute it is presumed that the Legislature intended a sensible rather than an absurd result." *Rodriquez v. Prime Meat Processors*, 228 Neb. 55, 65, 421 N.W.2d 32, 39 (1988); *Dugdale of Nebraska v. First State Bank*, 227 Neb. 729, 420 N.W.2d 273 (1988). To now say that a parent is not a "person," without some indication in the statute to the contrary, would indeed lead to such a result.

As the Compact is applicable to placements made within Nebraska by a parent residing outside of Nebraska, the order of the district court declaring to the contrary and enjoining the State from enforcing the Compact is reversed, and the cause is remanded for further proceedings.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.