State of Nebraska, appellant, v. Lissa A. Wilcox, appellee.

430 N.W.2d 58

Filed October 7, 1988.   No. 88-570.

Richard C. Anderson, Buffalo County Attorney, for appellant.

Charles D. Brewster, Deputy Buffalo County Public Defender, for appellee.

Hastings, C.J.

Under the authority of Neb. Rev. Stat. § 29-824 (Reissue 1985), the county attorney for Buffalo County has appealed to a single judge of this court an order of the district court which had sustained the defendant's motion to suppress evidence. That order directed that the evidence would not be admissible at defendant's trial to commence on August 22, 1988.

In determining the correctness of a trial court's ruling on a motion to suppress, this court will uphold the trial court's findings of fact unless those findings are clearly erroneous. *State v. Price*, 229 Neb. 448, 427 N.W.2d 81 (1988). However, regardless of the scope of its review, the Nebraska Supreme Court has an obligation to reach an independent conclusion with respect to questions of law. *Gottsch Feeding Corp. v. Red Cloud Cattle Co.*, 229 Neb. 746, 429 N.W.2d 328 (1988).

In March of 1988, a confidential informant (CI) contacted the Kearney Police Department concerning the defendant's drug selling activities. He stated that the defendant had sold marijuana to him 70 or 80 times since June of the previous year; he described in detail the inside of the trailer house in which defendant lived and stated that marijuana, a scale, a bong pipe, and LSD were all located within the trailer; and he named specific locations within the trailer where those items could be found.

The police and the CI agreed to an arrangement wherein the CI would purchase drugs from the defendant while wired for sound and inform the officers by a code word when the

purchase was completed.

On March 30, 1988, the CI made the drug purchase from the defendant. The police, who were monitoring the CI's wire from outside the defendant's home, were notified by the code word that the purchase had been completed, and they then moved into the home and arrested the defendant.

One officer left the defendant's residence at that time in order to obtain a judge's signature on a search warrant. The affidavit in support of the search warrant contained the information set forth above and, in addition, explained the arrangements which were made for the "buy," and stated that as a result of that transaction, marijuana was purchased and the defendant was arrested.

The search warrant listed as property to be seized: "Marijuana, D-Lysergic acid diethylamide, scale, drug paraphernalia, other controlled substances or contraband for the use or distribution of illegal drugs." Property seized either as an incident of arrest, from a consent to search, or from the search by warrant included marijuana, cash in the approximate amount of $1,925, LSD, and methamphetamines.

The defendant was charged in a three-count information with possession of methamphetamine, possession of LSD, and delivering marijuana. Defendant then filed the motion to suppress which is the subject of this litigation. The district court, in sustaining the motion, relied on the fact that, although it was not known by the law enforcement officers at the time of the "buy," the CI was on probation for a criminal offense, which, the court ruled, prohibited use of the evidence obtained as a result of the CI's activities.

At all times during the period of conversations between the CI and the police, and at the time of the "buy" and arrest of the defendant, Neb. Rev. Stat. § 29-2262.01 (Reissue 1985) was in effect and provided as follows: "A person placed on probation by a court of the State of Nebraska . . . shall be prohibited from acting as an undercover agent or employee of any law enforcement agency of the state or any political subdivision." Section 29-2262.01 was amended by 1988 Neb. Laws, L.B. 670, which became effective July 9, 1988, by adding the following sentence: "Any evidence derived in violation of this section

shall not be admissible against any person in any proceeding whatsoever." See § 29-2262.01 (Cum. Supp. 1988). Although the hearing was had on the motion to suppress on June 16, and the order suppressing all of the evidence seized as set forth above was entered on July 5, 1988, it was effective only as to the trial to commence on August 22, after the effective date of the amendment.

The State argues that as a general rule, a legislative act operates only prospectively unless a contrary intent of the Legislature is clearly disclosed, and also claims the benefit of the good-faith exception. The defendant insists that this is a procedural rule and is effective immediately, and therefore applies to any proceeding had after the effective date of the legislation.

No serious argument is made that defendant's constitutional rights under the fourth amendment are involved in this case. In other words, no question is raised that the buy, the arrest following the buy, the search as an incident of a lawful arrest, or the issuance and execution of the search warrant were constitutionally suspect. Neither is the question raised whether the CI would be permitted to testify at a subsequent trial. In the final analysis, the only question squarely presented is whether evidence seized pursuant to the search warrant was admissible under the statute as amended.

It is literally impossible in this case to separate evidence which might have been obtained on the basis of a search warrant issued solely on the information furnished to the police in the first instance, and that obtained as a part of the arrest and verification obtained by the actions of the CI as an undercover agent of the State. The State concedes in its argument that the "buy" furnished verification of the information furnished by the CI. There is nothing in the record to otherwise indicate the reliability of the CI.

It is well established that whether a proceeding be criminal or civil, the procedures and procedural rules to be applied are those which are in effect at the date of the hearing or proceeding, and not those in effect when the act or violation allegedly took place. *State v. Shiffbauer*, 197 Neb. 805, 251 N.W.2d 359 (1977); *Durousseau v. Nebraska State Racing*

*Commission*, 194 Neb. 288, 231 N.W.2d 566 (1975).

The rule adopted in L.B. 670 is one of procedure, that is, the admission or exclusion of certain types of evidence. It is not a substantive rule of criminal law; it does not create any criminal act, alter the standard of proof necessary for conviction, nor alter the punishment prescribed for committing the crime. See *State v. Palmer*, 224 Neb. 282, 399 N.W.2d 706 (1986).

In *State v. Keithley*, 227 Neb. 402, 418 N.W.2d 212 (1988), the defendant committed a homicide in 1959. The statute in effect at the time of the crime provided that a spouse could testify against the other only in criminal proceedings involving rape, adultery, bigamy, incest, or a crime committed by one spouse against the other. The statute at the time of trial in 1986 provided that a spouse could testify against the other whenever the crime charged was a crime of violence. This court held that, as the crime was one of violence, the wife could testify against the defendant husband. Citing *State v. Palmer, supra*, the court held that "no one has a vested right in a procedure" and that procedural matters, including rules concerning the admission of evidence, "can be changed at any time before trial . . . ." *State v. Keithley, supra* at 406, 418 N.W.2d at 215. See, also, *Lovelace v. Boatsman*, 113 Neb. 145, 202 N.W. 418 (1925); *Oviatt v. Archbishop Bergan Mercy Hospital*, 191 Neb. 224, 214 N.W.2d 490 (1974); *Haiar v. Kessler*, 188 Neb. 312, 196 N.W.2d 380 (1972); *Happy Hour, Inc. v. Nebraska Liquor Control Commission*, 186 Neb. 533, 184 N.W.2d 630 (1971).

Thus, it is clear that the provisions of L.B. 670, which went into effect prior to defendant's trial date, would serve to bar the use of the probationer-derived evidence at that trial.

The State argues that L.B. 670 should not be given effect in this case because (1) the bill conflicts with Neb. Rev. Stat. § 27-601 (Reissue 1985), and (2) the bill is subject to a "good faith" exception.

It is the State's position that L.B. 670 conflicts with Neb. Evid. R. 601, which provides that every person is presumed to be competent to be a witness, because

> [o]bviously, the confidential informant involved in the case at hand is presumed to be competent to testify at a proceeding of law and the evidence obtained pursuant to

the issuance of a valid search warrant if otherwise properly obtained should be admissible in the Courts of the State of Nebraska.

Brief for appellant at 6. As its sole support for this argument, the State cites *State v. Fletcher*, 221 Neb. 562, 378 N.W.2d 859 (1985). According to the State, this court in *Fletcher* indicated in dicta that § 29-2262.01 (Reissue 1985) was contrary to evidence rule 601. This contention by the State is incorrect. The court in *Fletcher* merely explained the defendant's argument that the witness was not competent to testify because of § 29-2262.01, stating, "See Rule 601," and then dismissed the defendant's argument because it was not raised at trial nor assigned as error. *Fletcher, supra* at 566, 378 N.W.2d at 862. In no way did this court state or imply that § 29-2262.01 was contrary to rule 601. The State's argument is without merit.

The State urges the recognition of a "good faith" exception to L.B. 670. No authorities are cited by the State in support of this position. Actually, the "good faith" exception applies to the fourth amendment exclusionary rule as articulated in *United States v. Leon*, 468 U.S. 897, 104 S. Ct. 3405, 82 L. Ed. 2d 677 (1984), *reh'g denied* 468 U.S. 1250, 105 S. Ct. 52, 82 L. Ed. 2d 942, and earlier cases. The exclusion applied by the court in this case was not constitutionally mandated but, rather, resulted from state statutory requirements.

It may be true that the Legislature created L.B. 670 for a purpose not applicable to the present case. However, it is not within the province of this court to read a meaning into a statute which is not warranted by the legislative language; neither is it within the province of the court to read anything plain, direct, and unambiguous out of a statute. In the absence of anything indicating to the contrary, statutory language will be given its plain and ordinary meaning; this court will not resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous. *Cornhusker Christian Ch. Home v. Dept. of Soc. Servs.*, 229 Neb. 837, 429 N.W.2d 359 (1988); *Dieter v. State*, 228 Neb. 368, 422 N.W.2d 560 (1988); *Lawson v. Ford Motor Co.*, 225 Neb. 725, 408 N.W.2d 256 (1987).

The plain and ordinary language of L.B. 670 clearly dictates

that *no* evidence derived as the result of a probationer's working as an agent of the police shall be admissible at trial. The amendment does not differentiate between cases in which the probationer volunteered his help to the police and those in which the police coerced the probationer into cooperating, nor does it recognize any "good faith" exception. Rather, the bill simply states that the evidence shall not be used under any circumstances.

The order of the district court suppressing the evidence was correct and is affirmed.

AFFIRMED.