STATE OF NEBRASKA, APPELLANT, V. WILLIAM J. SCHUH, APPELLEE.

467 N.W.2d 409

Filed March 22, 1991.   No. 91-086.

Michael D. Wellman, Sarpy County Attorney, for appellant.

Thomas J. Garvey, of Hascall, Jungers & Garvey, for appellee.

CAPORALE, J.

In this interlocutory appeal to a single judge of this court taken pursuant to the provisions of Neb. Rev. Stat. § 29-824 (Reissue 1989), the plaintiff-appellant State claims the district court erred in sustaining defendant-appellee William J. Schuh's motion to suppress certain evidence. For the reasons hereinafter set forth, the order of the district court is reversed.

An officer of the LaVista Police Department arrested Paul Hunter for being in possession of and intending to deliver a controlled substance, marijuana, in violation of Neb. Rev. Stat. §§ 28-405(c)(10) [Schedule I] and 28-416 (Reissue 1989). Under police questioning, Hunter revealed that he had obtained the marijuana from Schuh at the latter's residence. Based on that information, without any further investigation as to Hunter's status and therefore without knowledge that he had been placed on parole by the State of Florida and was serving that parole in Nebraska, the police obtained a warrant to search Schuh's residence. As the result of the execution of the warrant and the evidence seized thereunder, Schuh was charged with possessing marijuana with the intention of both manufacturing and delivering the substance, all in violation of §§ 28-405(c)(10) [Schedule I] and 28-416, and with possession of methamphetamine, in violation of §§ 28-405(c)(3) [Schedule II] and 28-416.

Schuh moved for an order suppressing any and all evidence seized, on the grounds that (1) the "search and seizure was contrary to the laws" of Nebraska and (2) the issuance of the warrant "was not based upon reliable information."

Neb. Rev. Stat. § 29-2262.01 (Reissue 1989) reads:

> A person placed on probation by a court of the State of Nebraska, an inmate of any jail or correctional or penal facility, or an inmate who has been released on parole, probation, or work release shall be prohibited from acting as an undercover agent or employee of any law enforcement agency of the state or any political subdivision. Any evidence derived in violation of this section shall not be admissible against any person in any proceeding whatsoever.

At the close of the suppression hearing, the district court observed that, as interpreted in *State v. Wilcox*, 230 Neb. 123, 430 N.W.2d 58 (1988), § 29-2262.01 seemed to preclude the police from using any information provided by Hunter. *Wilcox* is a single-judge ruling that there exists no "good faith" exception to the foregoing statute such as to permit the admission of evidence derived from an operation conducted jointly by the police and a confidential informant who was not

known to the police to be a probationer. The district court then took the matter under advisement and later sustained Schuh's motion. In so decreeing, the district court noted its specific reliance upon *Wilcox* and advanced no other ground for its decision.

In *Wilcox*, the probationer contacted the police and described Wilcox' drug activities. The police then provided the probationer with sound-recording equipment and sent him to purchase drugs from Wilcox while they monitored the conversation between the two. When the police heard from the probationer the prearranged code word informing them that the purchase had been completed, they moved in and arrested Wilcox. While sound, *Wilcox*, as a single-judge ruling, is neither binding nor eligible to be cited as precedent. *State v. White*, 220 Neb. 527, 371 N.W.2d 262 (1985). In any event, unlike the probationer in *Wilcox*, Hunter was simply an arrestee who, during postarrest questioning, identified his supplier. Thus, the situation in *Wilcox* and the one at hand are not comparable.

As the Nebraska Supreme Court has recently reaffirmed, in the absence of anything indicating to the contrary, statutory language is to be given its plain and ordinary meaning; when the words of a statute are plain, direct, and unambiguous, no interpretation is necessary or will be indulged to ascertain their meaning. *State v. Matthews, ante* p. 300, 465 N.W.2d 763 (1991). The plain and ordinary meaning of the words of § 29-2262.01 prohibits those placed on probation by a court of this state and inmates who have been released on parole by any court from acting as undercover agents for, or employees of, law enforcement agencies. The certificate of the Florida Parole and Probation Commission recites that it ordered Hunter's release and associates him with a prison number; thus, it must be inferred that Hunter had in fact been "an inmate" of a Florida prison and was "released on parole." However, there is no evidence which suggests that Hunter was acting as an undercover agent for the LaVista Police Department or that he was employed by it. In point of fact, the evidence is that he was neither employed by the department nor acting on its behalf when he purchased the contraband. Thus, § 29-2262.01 does

not render the evidence in question inadmissible.

Schuh next urges that even if § 29-2262.01 does not apply, the district court's ruling should nonetheless be affirmed, for it could well have found that the information supplied by Hunter was not sufficiently reliable to justify issuance of the warrant. It is true the controlling rule in this regard is that a trial court's factual findings in ruling on a motion to suppress are to be upheld unless they are clearly wrong. *State v. Illig, ante* p. 598, 467 N.W.2d 375 (1991); *State v. Cortis, ante* p. 97, 465 N.W.2d 132 (1991). However, the contention that the district court ruled as it did on any basis other than the perceived prohibition of § 29-2262.01 is meritless. The district court's statements, both at the time it took the matter under advisement and at the time it ruled, foreclose any such conclusion.

Accordingly, the district court's ruling is reversed.

REVERSED.