REQUESTED BY: Senator LaVon Crosby, District No. 29
In your letter dated October 16, 1991, you state that you are contemplating introducing legislation which would authorize reimbursing the claims of depositors of Commonwealth, State Securities, and American Securities from the Financial Institution Assessment Cash Fund found atNeb.Rev.Stat. §§ 8-601 and 602 (Reissue 1987). You question whether such legislation would be constitutionally suspect in light of the Nebraska Supreme Court's decision in Haman v. Marsh, 237 Neb. 669, ___ N.W.2d ___ (1991).
At the outset, we must note that you have not presented any specific legislation to us with your request for our review and analysis. You have simply asked our general opinion whether such legislation could be constitutionally suspect. Consequently, our response to your request must necessarily also be general, based upon the broad, nonspecific question that you have presented to us.
First, as you make reference to in your letter, sections 8-601 and8-602 do not authorize the Director of Banking Finance to collect fees from financial institutions for reimbursing depositors of failed financial institutions. Therefore, specific legislation would necessarily have to be passed authorizing the Department to do what you propose.
Secondly, while you could probably amend those statutes to authorize the Director of Banking to assess fees for the purpose of reimbursing depositors of Commonwealth, State Securities, and American Securities, such legislation would, in all likelihood, suffer from the same constitutional problems set forth in Haman v. Marsh. That is, unless the legislation guaranteed the deposits of all financial institutions, and was not just designed to reimburse depositors of these past failed financial institutions, it would create a closed class. Consequently, pursuant to the holding in Haman, such legislation would be special legislation in violation of Article III, Section 18, of the Nebraska Constitution. In this same vein, depending on how the fund is financed, the legislation could be constitutionally suspect because it constitutes the taking of money belonging to one class (i.e. existing financial institutions) to pay the claims of another class. Moreover, under Haman, if the Legislature appropriated money to the fund, such legislation would most likely result in lending the credit of the state in violation of Article XIII, Section 3, of the Nebraska Constitution.
The constitutionality of several restitution options for Commonwealth depositors in light of the Haman decision was addressed by our office in an Opinion dated April 10, 1991. This Opinion discusses the possible constitutional infirmities which could attach to any legislation seeking to reimburse these depositors. We have attached a copy for your perusal.
As we noted at the outset, our discussion in this Opinion is based upon your general proposal. If we are asked to review specific legislation, we will be in a better position to analyze the constitutionality of a particular reimbursement plan.
Sincerely,
 DON STENBERG Attorney General
Lisa D. Martin-Price Assistant Attorney General cc: Patrick J. O'Donnell Clerk of the Legislature
APPROVED BY:
________________________ Attorney General
18-213-7.6