REQUESTED BY: L. Tim Wagner, Chairman State Claims Board
You have requested an opinion as to whether the State Claims Board has the requisite authority to approve claims filed as Miscellaneous Claims under the Miscellaneous Claims Act, Neb. Rev. Stat. § 81-8, 294 to 81-8, 301 (1996), where the claim is for goods or services rendered to the State but which were not paid within two years. In most cases it appears the State received no invoice until two years had elapsed from the date the goods or services were delivered. Our response to your inquiry is set forth below.
The State of Nebraska has waived its immunity for claims and actions against it in several areas, including Tort Claims, Neb. Rev. Stat. § 81-8, 209 to 81-8, 235 (1996); Contract Claims, Neb. Rev. Stat. § 81-8, 302 to 81-8, 306 (1996); Miscellaneous Claims, Neb. Rev. Stat. § 81-8, 294 to 81-8, 301(1996); and Workers' Compensation Claims, Neb. Rev. Stat. § 48-192 to 48-1, 109 (1996).
Tort Claims are defined as a claim for money for damages or injury "caused by the negligent or wrongful act or omission of an employee of the State." Neb. Rev. Stat. § 81-8, 210(4) (1996).
Contract Claims are those claims "involving a dispute regarding a contract between the State. . . . and the claimant . . ." Neb. Rev. Stat. § 81-8, 303(1) (1996).
Miscellaneous Claims are those claims "against the State for which there is no other specific provision of law for the resolution of such claim." Neb. Rev. Stat. § 81-8, 295 (1996).
Both the Tort Claims Act and the Contract Claims Act include a specific limitation period for the respective claims, but the Miscellaneous Claims Act does not. In such circumstance we must look to the general statute of limitations for claims against the state, Neb. Rev. Stat. § 25-218 (1995), which provides for a two year period for bringing an action on such a claim.
We must first determine the nature of the claim, in this instance a claim for payment for goods or services furnished to the State. In doing so the courts have held on many occasions that the various claims acts must be strictly construed and the terms thereof strictly followed, since they involve waivers of the State's immunity under Article V. Section 22 of the Nebraska Constitution. Gentry v. State, 174 Neb. 515, 118 N.W.2d 643.
Payment for goods or services furnished to the State appears to involve a contractual obligation and a claim for such payment probably would ordinarily be made under the Contract Claims Act.
An evaluation of the Miscellaneous Claims Act shows that it is intended to cover only claims where there is no other statute providing for the resolution of such claims. That would seem to exclude outdated invoices which are evidence of a contractual obligation. If they are contract obligations, they may be resolved under the Contract Claims Act, which by its terms provides the exclusive remedy for contract claims. Neb. Rev. Stat. § 81-8, 306 (1996).
It may, on the other hand, be argued that once the two year period of limitations has elapsed, the Contract Claims Act no longer provides for the resolution of the claim since it is barred by the statute. Contract Claims must also involve a "dispute regarding a contract." In the case of outdated invoices, we understand there ordinarily is no dispute as to the contract or the delivery of goods or services. The only issue is whether the State should pay for such goods and services when the vendor's action is barred.
Moreover, we understand that the practice of the State Claims Board for many years has been to treat outdated invoices for goods or services as Miscellaneous Claims to be heard and determined by the Board even though the claim may be barred by Section 25-218. This practice makes it apparent that the Board, since 1988, when the Miscellaneous Claims Act was amended to create the current definition, has interpreted the definition of Miscellaneous Claims to include invoices barred by Section 25-218.
It is significant that the administrative practices took place over a lengthy period of time, approximately thirteen years. The long continued practical construction of a statute by officers charged by law with its enforcement is entitled to considerable weight in interpreting that law. In re Application No. 5218, WaterDivision No. 2-C, Ainsworth Irr. Dist., 170 Neb. 257,102 N.W.2d 416 (1960). It has also been held that the construction by those whose duty it is to enforce the statute, in which the Legislature has by its continued noninterference for a number of years acquiesced, will be approved unless, as thus construed, it contravenes some provision of the Consttitution or is clearly wrong. Monahan v. School Dist. No. 1 of Douglas County,229 Neb. 139, 425 N.W.2d 624 (1988).
Similarly, it is also recognized by the courts that the construction and application of a statute by the department charged with its application and enforcement is entitled to considerable weight, particularly when the legislature has failed to take any action to change such interpretation. McCaul v.American Sav. Co., 213 Neb. 841, 331 N.W.2d 795 (1983).
The Miscellaneous Claims Act also provides that the Board may investigate such claims and otherwise carry out its duties with regard to the claims. This necessarily requires the Board to determine whether such claims should be paid.
The general rule with respect to statutes of limitations is that they do not discharge the debt but simply bar the remedy. The argument may then be made that even though the claimant no longer has an enforceable remedy, the State may elect to pay the debt which still exists where the State received the goods or services.See Millman v. Butler County, 235 Neb. 915, 458 N.W.2d 207, which held that a statute of limitations does not create or extinguish a right, but only places a limitation on a remedy which may be tolled or waived.
In summary, we believe that while outdated invoices arise out of a contractual obligation, the long term interpretation by the Board that they could be treated as miscellaneous claims without any legislative intervention would be given considerable weight by the Courts. Consequently, the Board, in our opinion, has the authority under the Miscellaneous Claims Act to continue to receive, investigate, and make determinations with respect to payment of outdated invoices.
Sincerely yours,
 DON STENBERG Attorney General
 John R. Thompson Senior Assistant Attorney General